**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fance BELL, Defendant-Appellant.
No. 14471.**

United States Court of Appeals
Seventh Circuit.

April 21, 1965.

Marshall Patner, Chicago, Ill., for appellant. Fance Bell, pro se.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Archibald T. LeCesne, Richard G. Schultz, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Defendant was indicted on a one-count indictment for violation of Section 4704 (a), Title 26, U.S.Code.[1] Defendant was represented by court-appointed counsel. He entered a plea of guilty to the charge.

The trial court entered a finding of guilty and a judgment of conviction. The Court committed the defendant to the custody of the Attorney General pursuant to Title 18, U.S.Code, Section 4208 (b). By the terms of that statute, defendant's commitment must "be deemed to be for the maximum sentence of imprisonment prescribed by law * * *." The maximum period of imprisonment for a violation of § 4704(a), Title 26, U.S.C. is ten years for a first offender. See Section 7237, Title 26, U.S.C.

Under Title 18, § 4208(b), the commitment for the maximum term is in order that a study of a defendant may be made by prison authorities. Within three months after such a sentence, the Director of the Bureau of Prisons may make recommendation to the Court. After receiving these recommendations, the Court may place the prisoner on probation, may affirm the sentence of imprisonment originally imposed, or may reduce the sentence of imprisonment and commit the prisoner under any applicable provision of law. The statute also provides the term of sentence shall run from the date of the original commitment under this section.

The defendant herein was sentenced on April 29, 1963. On May 6, 1963, the United States moved the Court for leave to file an information setting forth a prior narcotics conviction of the defendant, and asked the Court to vacate the sentence originally imposed. A hearing was held on May 8, 1963. A further hearing was held on May 16, 1963 when, over objection by defendant, the Court vacated the judgment and sentence which had been entered on April 29th. The Court then entered a plea of not guilty for the defendant and, after a trial before the Court, found the defendant guilty of violating Section 4704(a).

After such conviction, and before pronouncement of the sentence, the Government filed the information of the prior conviction, and the Court entered sentence for a term of five years under Section 7237(a), Title 26, U.S.C.

Although by law, the term of imprisonment imposed under the first sentence was ten years, and under the second sentence the term was five years, nevertheless, defendant considers the sentence first imposed on him under Section 4208 (b) to be much more favorable to him than the second sentence imposed under Title 26, § 7237(a). This is because of the possibility of a reduction of the term after receiving a report from the prison authorities and also because a first offender might receive probation. Under

---

1. This section makes it unlawful for any person to purchase, sell, dispense or distribute narcotic drugs except in the original stamped package or from the original stamped package.

Section 7237(c), a second offender would not qualify for probation.[2]

Title 26, U.S.Code, § 7237(c) (2) provides: "After conviction (but before pronouncement of sentence) * * * the Court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. * * * "

In the instant case, the assistant United States attorney in charge, through oversight, did not know that among the papers and pleadings pertaining to the case and which were in his possession, there was proof of a previous narcotics conviction of the defendant herein. Promptly, after such proof was discovered, a motion was made to vacate the first sentence.

Defendant contends the sentence first imposed on him was a legal sentence and could be amended or altered only on the basis of something that was already in the record, and that the action of the Court in vacating the first sentence and then sentencing him under Title 26 U.S. C. § 7237(a), placed the defendant in double jeopardy.

We hold the failure to file the information strictly in conformity with the procedure outlined in 26 U.S.C § 7237(c) (2) is harmless error under the facts and circumstances of this case.

In United States v. Duhart, 2 Cir., 269 F.2d 113, on the day following a sentence to the minimum punishment for a third narcotic offender, it was discovered that no information had been filed by the United States attorney. The Court held a second hearing and revoked the sentence. The following day, the information was filed and the defendant was then sentenced as a third offender.

■ In the instant case, the delay in filing the information was considered by the District Court as harmless error under Rule 52(a), Federal Rules of Criminal Procedure. It is apparent that Section 7237(c) was intended to protect the defendant from the effect of prior offenses incorrectly charged, for the section gives the defendant the opportunity to prove that he is the identical person previously convicted. There is no claim here that the defendant was not the person who had been previously convicted of a narcotic offense.

Another pertinent case is Knight v. United States, 9 Cir., 225 F.2d 55, cert. den. 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784. There, no information had been filed, but the Court had personal knowledge of the prior conviction. The Court said, page 57 of 225 F.2d: " 'Information' as used in this statute does not connote nor require the precise adherence to procedural details the law demands in the case of a criminal charge. In our view the defect or omission here involved does not involve a substantial right. If failure to file such an information was error we regard it as harmless."

Defendant seeks to distinguish the Duhart and Knight cases, pointing out that in the Duhart case the Court emphasized that the prior narcotics conviction of defendant had been admitted in open court and that in the Knight case, it appeared the presiding judge had personal knowledge of a prior conviction.

In the case at bar, on April 29, which was the day of the first sentence, defendant's counsel informed the presiding judge, in open court, that her client had a narcotics record. While the subsequent conversation dealt largely with a number of incidents under the state law, the judge was informed, on May 8, 1963, that defendant had served a three-year sentence in the federal penitentiary at Chil-

---

2. Section 7237(a), Title 26, U.S.C. provides imprisonment of not less than two nor more than ten years for a first offender and for not less than five nor more than twenty years for a second offender. In either case, a fine of not exceeding $20,000 may be imposed.

licothe, Ohio, for an offense against the federal narcotics law. This was prior to the date that the District Judge vacated the first sentence.

Inasmuch as the defendant does not deny he is the person who served the three-year sentence in a federal penitentiary for a violation of the federal narcotics law, we hold that any error in not strictly following the outlined procedure was harmless, and we hold further that by the imposition of the second sentence, defendant was not placed in double jeopardy. See Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516.

Marshall Patner, Esq. of the Chicago Bar, has ably represented the defendant on this appeal as court-appointed counsel. We thank him for his fine services. We also thank John Hudson, Esq. of the Chicago Bar who assisted Mr. Patner on the brief.

The order of the District Court dated November 22, 1963 is

Affirmed.