**UNITED STATES of America**

v.

**Emanuel CLEMONS, Appellant.**

**UNITED STATES of America**

v.

**Archie BLYTHER, Jr., Appellant.**

**Nos. 22344, 22345.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 18, 1969.

Decided Nov. 20, 1970.

Petition for Rehearing in No. 22,345
Denied Jan. 8, 1971.

MacKinnon, Circuit Judge, dissented in part and filed opinion, in which McGowan, Circuit Judge, concurred.

Mr. Gerald B. Greenwald, Washington, D. C. (appointed by this court), for appellant in No. 22,344.

Mr. Peter N. Lalos, Washington, D. C. (appointed by this court), for appellant in No. 22,345.

Mr. Robert C. Crimmins, Asst. U. S. Atty., of the bar of the Court of Appeals

of New York, pro hac vice, by special leave of the court, with whom Mr. David G. Bress, U. S. Atty. at the time the brief was filed, was on the brief, for appellee. Messrs. Thomas A. Flannery, U. S. Atty. and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON and ROBB, Circuit Judges,* sitting en banc.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

This case is a sequel to our recent *Marshall* decision [1] wherein we reasserted a procedural standard to be observed in connection with recidivist sentences under D.C. Code § 22–3204. Each appellant was indicted on a charge of carrying an unlicensed pistol in violation of Section 3204 and, at a joint trial, each was convicted of that offense by a jury. Thereafter, the trial judge imposed pris-

on sentences of three to ten years on appellant Clemons and two to six years on appellant Blyther. On these consolidated appeals, we confront attacks by both appellants on their convictions, and by Clemons on his sentence as well.[2] We affirm the convictions but remand for a resentencing of Clemons.

■ The only problem requiring extended discussion is posed by the series of events culminating in Clemons' sentence.[3] After the jury returned its verdicts, the Government served on Clemons' trial counsel,[4] and filed with the court, an information asserting that he had been convicted of robbery in 1958.[5] That conviction, the information continued, laid the foundation for a greater sentence—to confinement for as long as ten years—than Clemons' pistol-carrying conviction would otherwise have authorized. Indubitably the Government's legal theory was correct if its factual premise was accurate. Penalties for violations of Section 3204 may always extend to a $1,000 fine or one year's imprisonment or both, but may range up-

---

* Circuit Judge Wilkey did not participate in the consideration or decision of this case.

1. United States v. Marshall, —— U.S.App. D.C. ——, 440 F.2d 195 (*en banc*), cert. denied, 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed.2d 148 (1970).

2. Blyther does not complain of his sentence. For that reason, and because the record on appeal does not contain a transcript of his sentencing proceeding, we do not consider his sentence.

3. Appellants' challenges to the convictions need be mentioned only briefly. The fact that the indictment charged each with having carried a pistol "openly and concealed" about his person, rather than in the statutory language "openly or concealed," presents no occasion for reversal. See, *e. g.*, Morrison v. United States, 124 U.S.App.D.C. 330, 331–332, 365 F.2d 521, 522–523 (1966); District of Columbia v. Hunt, 82 U.S.App.D.C. 159, 163–164, 163 F.2d 833, 837–838 (1947). Nor, all circumstances considered, especially the voir dire examination of the prospective jurors and the judge's subsequent instructions to them, do we find such an occasion in the denial of appellants' motion for a continuance because of publicity re-

garding gun control, the assassination of Senator Robert F. Kennedy and other events concomitant with the trial. We find the evidence legally sufficient to support the jury's verdicts, Wilson v. United States, 91 U.S.App.D.C. 135, 137, 198 F.2d 299, 300 (1952); Brown v. United States, 58 App.D.C. 311, 312, 30 F.2d 474, 475 (1929); and, no plain error affecting substantial rights appearing, see F.R.Crim.P. 52(b), we do not pass on Blyther's previously unraised objections to seizure of the pistols, see Fuller v. United States, 132 U.S.App.D.C. 264, 279–280, 407 F.2d 1199, 1214–1215 (1967), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969); to his joint trial with Clemons, see Cupo v. United States, 123 U.S.App.D.C. 324, 327, 359 F.2d 990, 993 (1966); or to the trial judge's instructions to the jury, see F.R. Crim.P. 30; Howard v. United States, 128 U.S.App.D.C. 336, 339, 389 F.2d 287, 290 (1967).

4. Neither appellant was represented at trial by his counsel on appeal.

5. D.C.Code § 22–2901 (1967), since amended (Supp. I 1968). The offense defined by this section is a felony.

ward to imprisonment for ten years for violators previously convicted in the District of Columbia of the same offense or of a felony either in the District or elsewhere.[6]

At Clemons' sentencing session, however, there was neither proof of nor inquiry as to the alleged robbery conviction. Indeed, no reference whatever was made to the Government's information or to the averments it contained. So it was, as in *Marshall*, that we decided to consider *en banc* the validity of the procedure leading up to Clemons' ten-year sentence.

*Marshall* reaffirms our earlier *Jackson* holding [7] that proof of the prior conviction in the presence of the accused is prerequisite to imposition of any Section 3204 sentence in excess of a year. Clemons' situation, however, diverges somewhat from Marshall's. The Government, we reiterate, charged Clemons' conviction of robbery in *1958*; his application to this court for release pending appeal, we see, concedes a *1957* robbery conviction. Nowhere along the line has there been any suggestion that there was any infirmity in the conviction—assuming Clemons and the Government refer to the same one—that might serve to eliminate it as the predicate for an enhanced sentence. Under these circumstances, then, one may wonder as to whether the absence of actual proof of the robbery conviction was harmless error, warranting the conclusion that Clemons' sentence should be left as it is.

In Oyler v. Boles,[8] the Supreme Court examined two superficially similar situations. In separate instances, after an information alleging past felony convic-

tions had been filed, each petitioner, in open court accompanied by his counsel, admitted that he was the party who had been so convicted, without objection to the convictions. The Court held that these admissions rendered unnecessary any further inquiry.[9] And in one of our own cases, Kendrick v. United States,[10] after the accused had been convicted under Section 3204, the Government failed to adduce proof of two prior felony convictions charged by information as the basis for an increased sentence. It was held that this omission was set for naught by the accused's acknowledgment, on his cross-examination at the trial, of the same two convictions.[11]

We think, however, that the case before us ushers in difficulties which were not encountered in *Oyler* or *Kendrick*. The concession in Clemons' bail application—speaking to a 1957, not a 1958, conviction—otherwise lacks precision in its reference, and we can only assume, without knowing to a certainty, that it pertains to the robbery conviction specified in the Government's information. If, on the other hand, we do not make the assumption, we face the question whether Clemon's recidivist sentence can be rested upon a prior conviction not charged by the Government in its information.[12] Moreover, the bail application containing the concession was prepared and signed, not by Clemons personally, but by his counsel. While counsel properly included this item of information for consideration in connection with the application, the question arises as to whether, absent proof of his client's authorization, counsel's action could also operate as "a waiver of [or] a substitute for actual proof of a fact

---

6.  D.C.Code §§ 22–3204, 22–3215 (1967).

7.  Jackson v. United States, 95 U.S.App.
    D.C. 328, 221 F.2d 883 (1955).

8.  368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d
    446 (1962).

9.  *Id.* at 453, 82 S.Ct. at 501.

10. 99 U.S.App.D.C. 173, 238 F.2d 34
    (1956).

11. *Id.* at 176, 238 F.2d at 37.

12. See Cole v. Arkansas, 333 U.S. 196, 68
    S.Ct. 514, 92 L.Ed. 644 (1948). *Cf.*
    Williams v. New York, 337 U.S. 241, 69
    S.Ct. 1079, 93 L.Ed. 1337 (1949), which
    did not involve greater punishment simply
    by reason of recidivism.

which so drastically increases the maximum imprisonment." [13]

■ Even more importantly, identity of the accused as the previously-convicted party is by no means the only question open to debate in proceedings to increase punishment under recidivist provisions. Not only the existence of the prior conviction but also its character,[14] its continuing efficacy [15] and its constitutional validity [16] are among the inquiries appropriate. There is indication, too, that any defect which exposes the prior conviction to collateral attack may be asserted defensively in the recidivist proceeding.[17] We do not now so decide, but we do point out that we have no way of knowing whether any such infirmity could have been urged successfully had the Government proved a robbery conviction before sentence was pronounced. In sum, counsel's concession of a past conviction for bail purposes is not tantamount to a concession of its serviceability for purposes of a recidivist sentence.[18]

We are mindful, too, that to accept the mention in the bail application of a robbery conviction as a substitute for proof of the conviction at sentencing would deprive Clemons of a valuable opportunity we identified in *Marshall*. "When the proof is introduced in the presence of the defendant," we said, "meaningful opportunity is afforded, which might otherwise be unavailable, to enable the accused in the exercise of his right of allocution to advance any reasons he might have why the court should not enlarge the sentence because of his past record." [19] And, very significantly for the instant case, we added that "[e]ven when the fact of conviction is not disputable he may adduce whatever he deems appropriate for the judge to consider in connection with it." [20]

■ These difficulties persuade us, in deciding this case, to revert to fundamentals. Our context is a proceeding [21] enabling the sentencing judge to elevate

13. Jackson v. United States, *supra* note 7, 95 U.S.App.D.C. at 330, 221, F.2d at 885. "Such proof," we declared, "which so largely shapes the sentence should be introduced in the defendant's presence, just as the sentence itself must be pronounced in his presence." *Id.*

14. See text *supra* at note 6. Of moment in particular cases may be the question whether the prior conviction was for a felony or a misdemeanor, more especially where it occurred in another jurisdiction.

15. See, *e. g.*, 18 U.S.C. § 5021(a) (1964), as to the effect of which we express no opinion. *Cf.* Tatum v. United States, 114 U.S.App.D.C. 51, 53 n. 2, 310 F.2d 854, 856 n. 2 (1962).

16. Burgett v. Texas, 389 U.S. 109, 114–115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) ; Chewning v. Cunningham, 368 U.S. 443, 445–447, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962). See also Reynolds v. Cochran, 365 U.S. 525, 531, 81 S.Ct. 723, 5 L.Ed. 2d 754 (1961).

17. See Burgett v. Texas, *supra* note 16, 389 U.S. at 114–115, 88 S.Ct. 258; Oyler v. Boles, *supra* note 8, 368 U.S. at 453–454, 82 S.Ct. 501; Chewning v. Cunningham, *supra* note 16, 368 U.S. at 445–447, 82 S.Ct. 498; Reynolds v. Cochran, *su-*

*pra* note 16, 365 U.S. at 532, 81 S.Ct. 723.

18. In Oyler v. Boles, *supra* note 8, 368 U.S. at 454, 82 S.Ct. 501, 505, by the Court's characterization, "the record clearly shows that both petitioners personally and through their lawyers conceded the applicability of the law's sanctions to the circumstances of their cases." And in Kendrick v. United States, *supra* note 10, 99 U.S.App.D.C. at 176, 238 F.2d at 37, "[i]n [the] circumstances the production of evidence after verdict and before sentence to show [the] previous convictions would have been an idle formality."

19. United States v. Marshall, *supra* note 1, at 206, 440 F.2d at 198.

20. *Id.* at 206, 440 F.2d 199.

21. For major classifications of the types of proceedings in vogue in the United States and England, see Note, Recidivist Procedures, 40 N.Y.U.L.Rev. 332 (1965) ; Note, The Pleading and Proof of Prior Convictions in Habitual Criminal Prosecutions, 33 N.Y.U.L.Rev. 210 (1958). In practice, the statute under which Clemons' sentence was increased is treated as prescribing a proceeding supplementary to the trial of the underlying offense. See Kendrick v. United States, *supra* note

a misdemeanor to felony status,[22] and to inflict additional punishment if the accused has suffered either of two types of prior conviction.[23] We have no doubt that the proceeding is criminal in character,[24] and as much as any other that paves the way to prison. We have no doubt, either, that the accused recidivist, similarly to an accused first offender, must be sheltered by suitable safeguards against an improper sentence.

■■■ The statute under which Clemons was committed for a maximum of ten years is completely silent on the procedural events that must forerun an enhanced sentence. But Congress, in plain language, set the conditions precedent to any gun-carrying sentence of imprisonment more than a year in duration. In a decidedly criminal proceeding wherein punishment may be multiplied—here by a factor of ten—nothing so vital as the existence of the conditions authorizing a stepped-up sentence should be left to surmise. And perhaps the procedural standard least dispensable to any just ascertainment of the essential substantive elements of a sentence for illegal pistol-toting is proof adequate to support affirmative judicial determinations on

that score.[25] We recognize, of course, that the accused's admissions may sometimes rise to a level of certainty so high as to obviate the need for particular items of formal proof by the Government. We conclude, however, that the bare reference in Clemons' bail motion to an otherwise unelucidated past robbery conviction cannot remedy the total absence of proof here.

We affirm the judgments appealed from to the extent that they convict appellants of the offense of carrying an unlicensed pistol. We vacate Clemons' sentence and remand his case for a resentencing. The sentence that may permissibly be imposed upon Clemons must not exceed one year unless the Government introduces evidence, with Clemons and his counsel present, which satisfies the sentencing judge that prior to his Section 3204 offense Clemons had been convicted of a similar violation or a felony.[26]

MacKINNON, Circuit Judge (concurring in part and dissenting in part):

I concur in the affirmance of the convictions in Nos. 22344 and 22345 but dissent from the vacation of the sentence in No. 22344 and the remand of the case

10, 99 U.S.App.D.C. at 176, 238 F.2d at 37; Jackson v. United States, *supra* note 7, 95 U.S.App.D.C. at 328, 221 F.2d at 883.

22. See Burrell v. United States, 223 A.2d 377, 378 (D.C.App.1966). See also Lawrence v. United States, 224 A.2d 306, 307–308 (D.C.App.1966).

23. See text *supra* at note 6.

24. See Chewning v. Cunningham, *supra* note 16, 368 U.S. at 445, 82 S.Ct. 498; People v. Reese, 258 N.Y. 89, 179 N.E. 305, 309, 79 A.L.R. 1329 (1932); State v. Durham, 177 Or. 574, 164 P.2d 448, 450, 162 A.L.R. 422 (1945). This is so notwithstanding the accepted view that recidivist statutes do not create separate offenses, but only enhance the punishment on account of prior conviction. See Chandler v. Fretag, 348 U.S. 3, 7, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Graham v. West Virginia, 224 U.S. 616, 623–624, 32 S.Ct. 583, 56 L.Ed. 917 (1912);

Jackson v. United States, *supra* note 7, 95 U.S.App.D.C. at 330, 221 F.2d at 885.

25. Other procedural standards include reasonable notice of the recidivist charge, Oyler v. Boles, *supra* note 8, 368 U.S. at 452, 82 S.Ct. 501; opportunity to be heard, *id.*; Chandler v. Fretag, *supra* note 24, 348 U.S. at 8, 75 S.Ct. 1; and right to counsel, Chewning v. Cunningham, *supra* note 16; Reynolds v. Cochran, *supra* note 16; Chandler v. Fretag, *supra* note 24.

26. *Marshall* requires rejection of Clemons' contention that to do so would put him twice in jeopardy. United States v. Marshall, *supra* note 1, at 206, 440 F.2d at 199 n. 10. We dispose of Clemons' final contention on the basis of our holding in *Kendrick*, to which we adhere, that § 3204 does not deny the equal protection of the laws. Kendrick v. United States, *supra* note 10, 99 U.S.App.D.C. at 175–176, 238 F.2d at 36–37.

for resentencing for essentially the same reasons set forth in my dissenting opinion in United States v. Marshall, 142 U.S.App.D.C. ——, 440 F.2d 195 (decided June 30, 1970) (*en banc*), cert. denied, 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed. 148 (1970). In my view since no substantial error to the prejudice of appellant appears in the record or is even claimed in the briefs outside the record, the judgment of the trial court should be affirmed without prejudice to the right of appellant to bring subsequent proceedings under 28 U.S.C. § 2255, or Rule 35 of the Federal Rules of Criminal Procedure, or any other law or rule that he may consider authorizes his claim. *See* Berryman v. United States (No. 22759, January 9, 1970, Xerox form only); United States v. Dorman, 140 U.S.App. D.C. 313, 435 F.2d 385 (decided April 15, 1970) (*en banc*), where cases were similarly affirmed without prejudice on records and briefs which provided more support for claims of substantial error than is here present. To follow the same rule here would effect an enormous saving of judicial time and not interfere with any substantial right of appellant.

I

Emanuel Clemons (hereafter Clemons) was convicted by a jury on June 10, 1968 of carrying a dangerous weapon in violation of D.C. Code § 22–3204. On June 20, 1968, the United States Attorney served Clemons' counsel with an "Information of Prior Conviction" describing a prior conviction of Clemons for robbery and on June 25, 1968 filed said document with the court with proof of service. The Information stated:

The United States Attorney for the District of Columbia informs the Court as follows:

1. That on June 10, 1968, one Emanuel Clemons was found guilty in the above captioned case of carrying a deadly weapon on or about September 29, 1967, an offense proscribed by 22 D.C.C. Sec. 3204, and is now awaiting sentence of the Court;

2. That the said Emanuel Clemons is the same Emanuel Clemons who was convicted in the District of Columbia on May 29, 1958 in the United States District Court for the District of Columbia for the offense of robbery, 22 D.C.C., Sec. 2901, Criminal Case No. 1162–67;

3. That the offense of carrying a deadly weapon is punishable by imprisonment for not more than ten years, when committed by a defendant who prior to his commission of that offense has been convicted in the District of Columbia of robbery;

4. In consideration of the foregoing, *the Court is advised that said defendant in the above-captioned case may be sentenced to imprisonment for a term as long as but not more than 10 years.* (Emphasis added).

Thereafter, Clemons came before the court for sentencing on July 19, 1968. At that time the court first inquired if defendant's counsel had anything to say. Counsel's response indicated that he knew full well the purpose of the hearing as he referred to the fact that he was "sure the court had a full and complete presentence investigation." In addition, he addressed the court briefly and brought out certain points in an attempt to induce a moderate sentence, *i. e.,* that Clemons had been steadily employed and had lived all his life in Washington. He asked the court to take these factors into consideration "in the imposition of sentence."

The court next afforded Clemons an opportunity to make a statement and received the following response:

The Court: "Anything you wish to say, Mr. Clemons?"

Defendant Clemons: "No, sir."

Immediately after the defendant stated that he did not wish to say anything, the court sentenced Clemons to "three to ten years." To this sentence neither Clemons nor his counsel expressed any surprise and voiced no objection. Clemons' counsel then stated to the court that he had advised Clemons of his right

to appeal and would assist him in the preparation of the necessary papers, and requested the court to set bail pending appeal. To this request the court replied:

"In view of his record, *which includes a record of dangerous weapons* and violence, I am not going to let him out. I will deny that request." (Emphasis added).

This reference by the court to Clemons' prior *"record of dangerous weapons"* (emphasis added) did not invoke any response or denial from either Clemons or his counsel.

On this appeal, Clemons contends that the sentence in excess of one year is invalid because the prosecution failed to present any *evidence* that Clemons had a prior felony conviction for robbery. The Government, however, did serve the Information on appellant and file it, with proof of such service, with the court. This operated to bring appellant's prior conviction in the same court on May 29, 1958 for robbery in violation of D.C. Code § 22–2901 to the judicial notice of the court. It is clear that a court may take judicial notice of its own records [1] and that the court, in the absence of any denial by the defendant, was entitled to rely upon the general rule that identity of names (Emanuel Clemons in both instances) will be accepted as prima facie evidence of identity of persons.[2] However, in the event Clemons had denied the prior conviction or requested proof thereof the Government would have been required to prove the prior conviction. A number of other features presented by such a set of circumstances are fully set forth in my dissenting opinion in United States v. Marshall, *supra,* and need not be repeated here.

There has never been a denial by either Clemons or his attorney that the Information of Prior Conviction was served prior to sentencing and that they were thus advised that the court had been informed of the prior conviction and were on notice. The Government claimed in the Information and therein gave notice to appellant that Clemons "may be sentenced to imprisonment for a term as long as but not more than ten years." Nor was there any denial, or intimation of any denial, by either Emanuel Clemons or his counsel of the allegation in the Information that the Emanuel Clemons who was before the court for sentencing was the same Emanuel Clemons with the prior conviction described in the Information. Having notice of the Government's claim that an enlarged sentence was permissible because of Clemons' prior conviction and having failed to deny the prior conviction when he and his counsel had the opportunity to do so, the court was entitled to rely upon the Information of Prior Conviction which had brought such conviction to the court's judicial notice by filing same with proof of service upon appellant's counsel.

It does not appear to me that anything substantial can be gained by remanding the case. If appellant believes he has a meritorious basis upon which to attack the sentence on the issue of identity he may do so by motion before the trial judge.[3] My prior dissent in

---

1. Chandler v. United States, 378 F.2d 906, 909–910 (9th Cir. 1967) ; United States v. Marcello, 280 F.Supp. 510, 521 n. 4 (E.D.La.1968) ; United States v. Maxwell, 137 F.Supp. 298, 305 (W.D.Mo. 1955), aff'd on other grounds, 235 F.2d 930 (8th Cir.), cert. denied, 352 U.S. 943, 77 S.Ct. 266, 1 L.Ed.2d 239 (1956). In fact it is recognized that a federal district court may take judicial notice of judicial proceedings in a different federal court. Wells v. United States, 318 U.S. 257, 260, 63 S.Ct. 582, 87 L.Ed. 746 (1943) ; Hood v. United States, 152 F.2d 431, 435 (8th Cir. 1946).

2. Jacobs v. United States, 58 App.D.C. 62, 63, 24 F.2d 890, 891 (1928).

3. The validity of such procedure is recognized by Jackson v. United States, 95 U.S.App.D.C. 328, 221 F.2d 883 (1955), and reference to its availability seems sufficient without ordering a potentially useless remand.

*Marshall, supra,* fully outlines the procedures to be followed in such circumstances.

These include many of the features that Congress has now prescribed in the "District of Columbia Court Reform and Criminal Procedure Act of 1970," Pub. Law 91–358, 91st Cong., 2d Sess., July 29, 1970, 84 Stat. 473, which are embodied in its amendments to D.C. Code § 23–111 effective February 1, 1971. The new Act requires the Information to be filed prior to trial or before entry of a plea of guilty, requires the current offense to be charged by indictment if an enlarged sentence in excess of three years may be imposed and authorizes continuances to ascertain if prior convictions exist. It further specifies that the trial judge before entry of sentence shall inquire of the accused whether he "affirms or denies" the alleged prior conviction and notify him that he cannot attack the prior conviction after sentence. If the accused denies any allegation of the information of previous conviction, or claims that any conviction alleged is invalid, "he *shall* file a written response to the information." [4] But more importantly in the context of this case *where no substantial prejudice is claimed by virtue of the court's failure to inquire further of defendant at his allocution,*

> "If the person files no response to the information * * * the court shall proceed to impose sentence upon him as provided by law." D.C. Code § 23–111(d) (1), effective February 1, 1971.

Moreover, the embodiment of these rules into statutory form does not exalt them above constitutional and other similar statutory requirements so as to exempt them from the requirement applicable to the appellate courts that reversible error should "affect substantial rights." [5]

## II

With reference to the majority opinion it is my view that the record on appeal to this court does not present any error, defect, irregularity or variance affecting any substantial right of the appellant.[6] Nor does the majority opinion point to any such error, instead it rests its decision upon several fanciful possibilities of prejudice which it conjures up and which have never by appellant been claimed either in the trial court or here.

Both *Marshall* and the majority opinion here state:

> When the proof is introduced in the presence of the defendant meaningful opportunity is afforded, which might otherwise be unavailable, to enable the accused in the exercise of his right of allocution to advance any reasons he might have why the court should not enlarge the sentence because of his past record.

This, of course, is one of the traditional reasons for allowing the right of allocution but it is not a sufficient reason to ignore the rule that "Any * * * irregularity or variance * * * which does not affect substantial rights shall be disregarded." [7] Here, Clemons was afforded his right of allocution after *due notice* was given that he was subject to an enlarged sentence because of his prior conviction, and no advantage would inure to Clemons' benefit through the exercise of the right of allocution by

---

4. D.C. Code § 23–111(c) (1), effective February 1, 1971 (emphasis added).

5. Fed.R.Crim.P. 52(a); *and see* Chapman v. California, 386 U.S. 18, 21–22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); and cases dealing with failure to timely file informations under the sentencing procedures prescribed by the Boggs Act, United States v. Bell, 345 F.2d 354, 356 (7th Cir. 1965); United States v. Duhart,

269 F.2d 113, 115–116 (2d Cir. 1959); Knight v. United States, 225 F.2d 55, 57 (9th Cir.), cert. denied, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955); and see later discussion at pp. 213–214 *infra.*

6. Fed.R.Crim.P. 52(a).

7. *Id.*

his being afforded an additional opportunity to comment on his prior conviction following the introduction into evidence in his presence of a certified copy of the prior conviction. The certified copy of prior conviction and the Information of Prior Conviction convey essentially the same information. While the timing may be different, the Information may be more meaningful with respect to the consequences of the prior conviction because it describes the effect that the prior conviction might have upon the sentence that may be adjudged for the instant offense. It also affords the accused more time to consider the matter and prepare any remarks he may wish to make. Also, Clemons was afforded his right of allocution at the time of sentencing and thus did have an opportunity to say everything in response to the Information of Prior Conviction that he could with respect to the certified copy of prior conviction. And here he does not make any showing or claim that any additional benefit would inure to his advantage if he were afforded a right of allocution after introduction of the certified copy of the conviction that was not equally available to him with respect to the Information. To hold that failure to afford the mere abstract right to exercise the right of allocution in such circumstances would constitute reversible error would elevate such right above the requirements of the harmless error rule and even federal constitutional errors do not occupy such exalted and pre-eminent status. The basic statement of the rule was laid down by the Supreme Court as follows:

> We are urged by petitioners to hold that all federal constitutional errors, regardless of the facts and circumstances, must always be deemed harmful. * * * We decline to adopt any such rule. * * * We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be

deemed harmless, not requiring the automatic reversal of the conviction. Chapman v. California, 386 U.S. 18, 21–22, 87 S.Ct. 824, 827 (1967).

Decisions applying that rule are: Lockett v. United States, 390 F.2d 168, 174 (9th Cir.), cert. denied, 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149 (1968) (search and seizure without search warrant); United States v. Reed, 392 F.2d 865, 867–868 (7th Cir.), cert. denied, 393 U.S. 984, 89 S.Ct. 457, 21 L.Ed.2d 445 (1968) (search and seizure without search warrant). Also in Roeth v. United States, 380 F.2d 755, 757 (5th Cir. 1967), it was held that failure to notify a defendant in advance that he was to be resentenced was at most harmless error; and in United States v. Bell, 345 F.2d 354, 356 (7th Cir. 1965), that failure of the United States Attorney to file information of prior convictions before sentencing was harmless error and imposition of second sentence did not place defendant in double jeopardy. Knight v. United States, 225 F.2d 55, 57 (9th Cir.), cert. denied, 350 U.S. 890, 76 S.Ct. 148, 100 L.Ed. 784 (1955), held that the failure to file an information of prior conviction as required by the Boggs Act (26 U.S.C. § 2557(b)) where defendant had admitted his identity in open court was harmless error. In United States v. Duhart, 269 F.2d 113, 115–116 (2d Cir. 1959), under substantially similar circumstances, the court upheld the original sentence adjudged without the filing of the Information required by the statute and in support thereof cited the harmless error rule.

All these cases have some slight variations from the facts which exist here, but in substance they are all practically the same. If anything the facts here are stronger because the Information giving appellant notice was served and filed, the court could take judicial notice of the prior conviction in its own court, the accused was represented by counsel throughout and both counsel and the accused were afforded an opportunity in open court to comment on the matter. Thus, in my view prejudicial error is

not demonstrated to exist in the record (nor is any claimed in appellant's brief) and hence there is no basis upon which an appellate court could properly act to remand the case. We are not reviewing any matter that has been passed upon by the trial court.

In my opinion the proper procedure for a convicted offender in the position of Clemons, if he considers he has been improperly sentenced, is to attack the sentence by a motion directed to the trial court under 28 U.S.C. § 2255, or under Rule 35, Federal Rules of Criminal Procedure, for correction or reduction of sentence, make a record of his contentions and obtain a ruling by the trial court thereon. Then if his motion is denied on appeal we can fulfill our proper function of reviewing the record and decision of the trial court. We now have a record here but we have no decision by the trial court in any way related thereto. Following such loose appellate procedures in this case and *Marshall, supra,* has resulted in two panels of judges of this court considering two cases at length, writing and circulating opinions, then the entire court reconsidering the two cases *en banc* and writing and circulating opinions. All this has caused a delay of over a year in deciding the case,[8] and all of this does not dispose of the case. It merely sends the case back for consideration of unsubstantial issues which appellant has never presented to any court—trial or appellate. All of this could have been eliminated.

In closing I feel it necessary to point out that in my view this case, like *Marshall, supra,* is controlled by our decision in Kendrick v. United States, 99 U.S. App.D.C. 173, 238 F.2d 34 (1956), and not by Jackson v. United States, *supra.*

Regardless of all the pure assertion in the majority opinion, it is my view that they cannot apply *Jackson, where no Information of Prior Conviction* was served or filed, to Clemons' situation here. In *Jackson* the required notice was not given, whereas in *Clemons* it was given. *Clemons* is thus identical on the essential facts to *Kendrick, supra,* and a similar result should obtain.

The majority opinion argues that proof of the prior conviction was not required in *Kendrick* because the accused had admitted such fact on cross examination. However, the situation there is not substantially different from the situation here where the existence of the prior conviction is admitted in Clemons' bail request filed by his attorney and was not denied by either Clemons or his attorney when immediately following his sentencing the sentencing judge remarked that Clemons' "record * * * includes a record of *dangerous weapons* and violence." But I submit that the real reason proof was not required in *Kendrick* was because the Information had been served and filed and the accused thus placed on notice. The essential difference between *Jackson* where no Information was filed, and *Kendrick* where it was filed, was that in *Kendrick* he had notice that the prior conviction was going to be used against him for an enlarged sentence and in *Jackson* he did not have such notice. I would thus base my position not on the existence of casual proof of the prior conviction but on the fact that the due process requirement of proper notice and opportunity to be heard has been fully complied with and the accused's record thus brought to the judicial notice of the court.[9] I would affirm.

---

8. The appeal was argued on September 18, 1969.

9. The majority opinion asserts that "the proceeding is criminal in character * * * as much as any other that paves the way to prison," but this mischaracterizes the sentencing proceeding. In Mc-

Donald v. Massachusetts, 180 U.S. 311, 313, 21 S.Ct. 389, 390, 45 L.Ed. 542 (1901), the Supreme Court in referring to a similar proceeding stated, "The allegation of previous convictions is *not* a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only." (Em-

I am authorized to state that Circuit Judge McGOWAN concurs in the foregoing opinion.

phasis added.) *See* Chandler v. Fretag, 348 U.S. 3, 7, 8, 75 S.Ct. 1 (1954). In another case the Court also stated, in referring to the filing of an information of prior conviction, that "By this proceeding he was *not* held to answer for an offense; the information did *not* allege crime." Graham v. West Virginia, 224 U.S. 616, 624, 32 S.Ct. 583, 586, 56 L.Ed. 917 (1912). (Emphasis added.) Undoubtedly there are substantial differences between such a sentencing proceeding and a true criminal proceeding and the court invites trouble by failing to recognize this. Actually the sentencing proceeding is *sui generis* and should be so considered. It is a part of a criminal proceeding but does not charge a separate crime.