Thaddeus E. TANSIMORE, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 9060.

District of Columbia Court of Appeals.

Submitted Sept. 24, 1975.

Decided April 8, 1976.

---

David C. Niblack, Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, Stuart M. Gerson, Regina C. McGranery and Bernard J. Panetta II, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before FICKLING and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

FICKLING Associate Judge:

Appellant was convicted after a trial by jury of petit larceny[1] and destruction of property,[2] for which he received concurrent sentences.[3] Moreover, pursuant to the District of Columbia's release offender statute, D.C.Code 1973, § 23–1328, appellant received an additional 90-day sentence to be served consecutively to all other sentences. The issues raised on appeal are (1) whether the trial court erred in refusing to impose the sanctions of the Jencks Act, 18 U.S.C. § 3500 (1970), when the government was unable to produce upon request a drawing of the crime scene prepared by an investigating officer; (2) whether D.C.Code 1973, § 23–1328, is unconstitutionally vague; (3) whether the court below erred in imposing the additional 90-day sentence without allowing a trial by jury on the issue of appellant's release

---

1. D.C.Code 1973, § 22–2202.

2. D.C.Code 1973, § 22–403.

3. Appellant was sentenced as a repeat offender, D.C.Code 1973, § 22–104, to a term of 18 months on the petit larceny conviction.

Twelve of the 18 months were suspended and appellant was placed on one year's probation. Appellant also received a 6-month sentence for destroying property, to run concurrently with the petit larceny sentence.

offender status; and (4) whether appellant was deprived of adequate procedural safeguards at the sentencing proceeding.

Metropolitan Police Department Officer Jacob testified at trial that on September 17, 1974, at 4:45 a. m., he was on routine patrol in the vicinity of 16th Street and Fort Stevens Drive, N.W., when he noticed the shadow of a figure standing behind the raised trunk of a parked car. Arriving at the parked car, the officer noticed that the trunk had been closed, the trunk lock had been forcefully removed, and a tire was lying in the street. On further investigation, appellant was discovered lying underneath the parked car. Another officer arrived on the scene and appellant was arrested and advised of his rights. As he was being searched, appellant volunteered that "[he] didn't mean it," and asked the officer to "give [him] a break." In the course of the search, a screwdriver was seized from appellant's right rear pocket.

After Officer Jacob completed his direct testimony, defense counsel requested the production of a drawing of the crime scene previously prepared by the witness. The Assistant United States Attorney indicated that the officer had drawn the diagram at her request several days earlier, during a recess in the trial and out of the presence of the jury. The prosecutor indicated to the court that she threw away the diagram after deciding that a larger map would be preferable for jury display. Defense counsel then moved to strike the officer's testimony, arguing that this was the proper sanction under the Jencks Act. The court denied the motion holding, *inter alia*, that this drawing did not qualify as a formal statement within the purview of the Jencks Act. Appellant was subsequently convicted by the jury of petit larceny and destruction of property.

At the sentencing proceeding, the prosecutor asked that appellant be subjected to an additional term of imprisonment pursuant to D.C.Code 1973, § 23–1328, the so-called release offender statute.[4] The prosecutor stated:

> The government also in this case, Your Honor, will file Repeat [*sic*] papers in that Mr. Tansimore was on release in another case as indicated in those papers, and that the government has the Court's own jacket for indication of the fact that Mr. Tansimore was on release.

Appellant, through counsel, requested a hearing on the matter of his release offender status. Apparently attempting to comply with this request, the court asked appellant whether he had been previously *convicted* of petit larceny. Appellant elected to stand mute instead of responding to the court's question. Rather than requiring the government to prove that appellant had been on release during the commission of the offenses, the court chose to treat appellant's silence as an admission of this fact. The court proceeded to sentence him under the release offender statute to an additional prison term of 90 days. This appeal followed.

First, appellant contends that pursuant to the Jencks Act, 18 U.S.C. § 3500 (1970), the trial court erred by refusing to strike

4. On the first day of trial, appellant was served notice of the government's intent to seek additional penalties pursuant to the release offender statute. This document entitled "Notice of Additional Penalties Pursuant to 23 D.C.Code, Section 1328" states:

The United States of America, by its attorney, the United States Attorney for the District of Columbia, informs the Court that the defendant in this case, Thaddeus Edward Tansimore, was released in Criminal Case No. U.S. 65174–74 pursuant to 23 D.C.Code, Section 1321, and during such release committed the offense or offenses with which he is presently charged.

Notice is hereby given that this defendant, upon conviction in this case for committing an offense during release pursuant to 23 D.C.Code, Section 1321, is subject to increased penalty upon conviction, pursuant to the provisions of 23 D.C.Code, Section 1328.

the testimony of Officer Jacob when the government was unable to produce a drawing of the crime scene prepared by the officer. We disagree.

■ For the Jencks Act to apply and for the right of discovery to exist under the Act, the material sought to be disclosed must constitute a "statement" within the meaning of the Act. *Moore v. United States*, D.C.App., 353 A.2d 16 (No. 8069, Feb. 3, 1976); *In re A.B.H.*, D.C.App., 343 A.2d 573, 575 (1975). In our view, the diagram prepared by Officer Jacob did not constitute a "statement" within the purview of 18 U.S.C. § 3500(e) (1) or (2) and, therefore, no Jencks Act sanction was warranted. The drawing of the crime scene was neither

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him; [nor]

> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement.

Accordingly, the trial court did not err when it held that the drawing was not Jencks Act material.

■ Appellant next attacks the additional 90-day sentence imposed pursuant to D. C.Code 1973, § 23–1328, contending that the release offender statute is impermissibly vague and uncertain. Specifically, appellant contends that the statute is violative of due process since it fails to delimit with precision the term "release." We disagree.

In *Musser v. Utah*, 333 U.S. 95, 97, 68 S.Ct. 397, 398, 92 L.Ed. 562 (1948), the Supreme Court stated:

> Legislation may run afoul of the Due Process Clause because it fails to give adequate guidance to those who would be law-abiding, to advise defendants of the nature of the offense with which they are charged, or to guide courts in trying those who are accused.

D.C.Code 1973, § 23–1328,[5] provides that additional penalties shall be assessed when any person is convicted of an offense committed "while released pursuant to section 23–1321." D.C.Code 1973, § 23–1321,[6] spe-

---

5. D.C.Code 1973, § 23–1328, provides:
   (a) Any person convicted of an offense committed while released pursuant to section 23–1321 shall be subject to the following penalties in addition to any other applicable penalties:
   (1) A term of imprisonment of not less than one year and not more than five years if convicted of committing a felony while so released; and
   (2) A term of imprisonment of not less than ninety days and not more than one year if convicted of committing a misdemeanor while so released.
   (b) The giving of a warning to the person when released of the penalties imposed by this section shall not be a prerequisite to the application of this section.
   (c) Any term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

6. D.C.Code 1973, § 23–1321, provides in pertinent part:
   (a) Any person charged with an offense, other than an. offense punishable by death,

shall, at his appearance before a judicial officer, be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines, in the exercise of his discretion, that such a release will not reasonably assure the the [sic] appearance of the person as required or the safety of any other person or the community. When such a determination is made, the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or the safety of any other person or the community, or, if no single condition gives that assurance, any combination of the following conditions:
   (1) Place the person in the custody of a designated person or organization agreeing to supervise him.
   (2) Place restrictions on the travel, association, or place of abode of the person during the period of release.

cifically sets forth the various types of release which may be ordered by a judicial officer. Accordingly, we find that Congress delimited the term "release" in a manner sufficient to provide adequate guidance to both the appellant and the courts.

█ Next, appellant contends D.C.Code 1973, § 23–1328, created a new and separate crime, thereby entitling him to a jury trial on the issue of whether he committed an offense while on release. We disagree.

D.C.Code 1973, § 23–1328, provides in pertinent part:

(a) Any person convicted of an offense committed while released pursuant to section 23–1321 shall be subject to the following penalties in addition to any other applicable penalties:

(1) A term of imprisonment of not less than one year and not more than five years if convicted of committing a felony while so released; and

(2) A term of imprisonment of not less than ninety days and not more than one year if convicted of committing a misdemeanor while so released.

It is clear the the above statute pertains only to the question of punishment rather than creating a new substantive offense. By its very terms, the provisions of § 23–1328 become operational only *after* a trial and *after* the accused has been found guilty. The fact that one was on release during the commission of a crime for which he is convicted merely serves to enlarge the penalty and is, therefore, a sentencing matter within the exclusive jurisdiction of the trial judge. Our position is consistent with the general rule established vis-a-vis the analogous situation of repeat offender statutes.[7] The accepted view is that these recidivist statutes do not create separate offenses, but only enhance the punishment on account of the prior conviction. *See Chandler v. Fretag,* 348 U.S. 3, 7, 75 S.Ct. 1, 99 L.Ed. 4 (1954); *Graham v. West Virginia,* 224 U.S. 616, 623–24, 32 S.Ct. 583, 56 L.Ed. 917 (1912); *Jackson v. United States,* 95 U.S.App.D.C. 328, 221 F.2d 883 (1955).

Finally, appellant contends that he was sentenced under D.C.Code 1973, § 23–1328, without first being afforded adequate procedural safeguards. Specifically, the contention is that the sentencing judge erred by failing to require the government to introduce actual proof that appellant was, in fact, on release at the time he committed the offenses for which he was convicted. We agree.

█ Although no statutory procedure is set forth in D.C.Code 1973, § 23–1328, we are convinced that certain procedural safeguards must be afforded before the heavier release offender penalty can be imposed. In discussing the analogous situation involving imposition of increased penalties in the recidivist context, Judge Robinson stated:

We have no doubt that the proceeding is criminal in character, and as much as any other that paves the way to prison. We have no doubt, either, that the accused recidivist, similarly to an accused first offender, must be sheltered by suitable safeguards against an improper sen-

(3) Require the execution of an appearance bond in a specified amount and the deposit in the registry of the court in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond, such deposit to be returned upon the performance of the conditions of release.
(4) Require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof.

(5) Impose any other condition, including a condition requiring that the person return to custody after specified hours of release for employment or other limited purposes.
No financial condition may be imposed to assure the safety of any other person or the community.

7. See D.C.Code 1973, §§ 22–104 and –3204.

tence. (Footnote omitted.) [*United States v. Clemons,* 142 U.S.App.D.C. 177, 181, 440 F.2d 205, 209 (1970) (en banc), *cert. denied,* 401 U.S. 945, 91 S.Ct. 959, 28 L.Ed.2d 227 (1971).]

Likewise, due to the potential penalties set forth in D.C.Code 1973, § 23–1328, the accused release offender must be protected by adequate procedural safeguards against the imposition of an improper sentence.

In assessing the adequacy of the procedures employed in the instant case, we are guided by a line of cases in the District of Columbia Circuit which establish certain minimal procedural requirements in the analogous situation concerning repeat offenders.

■ In *Jackson v. United States, supra,* 95 U.S.App.D.C. at 330, 221 F.2d at 885, the late Judge Wilbur K. Miller, in vacating an increased repeat offender sentence, stated:

Jackson should not have been given a sentence of more than one year in the absence of proof to the trial judge, at or before the time of sentence, that he had been previously convicted. . . . Such proof which so largely shapes the sentence should be introduced in the defendant's presence, just as the sentence itself must be pronounced in his presence.

8. The government represented that appellant was a release offender both on the first day of trial (see note 4 *supra*) and at the sentencing proceeding.

9. The following confusing interchange took place after counsel for appellant requested the hearing on the applicability of the sentencing provisions of D.C.Code 1973, § 23–1328:

THE COURT: Well, it's simply a matter of proving that he was not out on release. That's all.
[DEFENSE COUNSEL]: That's right, Your Honor.
THE COURT: Stand up a minute, young man. The government has alleged, in the

Similarly, in *United States v. Clemons, supra* 142 U.S.App.D.C. at 181, 440 F.2d at 209, the court stated:

In a decidedly criminal proceeding wherein punishment may be multiplied—here by a factor of ten—nothing so vital as the existence of the conditions authorizing a stepped-up sentence should be left to surmise. And perhaps the procedural standard least dispensable to any just ascertainment of the essential substantive elements of a sentence for illegal pistol-toting is proof adequate to support affirmative judicial determinations on that score. . . . (Footnote omitted.)

Based on the logic and language contained in these cases, we conclude that it was error to sentence appellant under D.C.Code 1973, § 23–1328, in the absence of an admission or proof that he was, in fact, on release during the commission of the offenses for which he was convicted. The government was never required to introduce any proof either of the fact of release or of the identity of appellant as the release offender. The sentencing judge relied instead upon the unsubstantiated allegations by the government on these issues.[8]

Moreover, we conclude that the judge erred in treating appellant's silence as an admission of his release offender status. Although an accused may competently and intelligently waive the necessity for such proof, we find no such waiver under the facts of this case.[9]

information filed prior to trial in this case, that you had been convicted previously in Criminal Case No. 56678–73, in this Court, of the charge of petty [*sic*] larceny. You were convicted of that on October 23, 1973. Now the question is, do you admit or do you deny that conviction?
[DEFENSE COUNSEL]: Your Honor, may I counsel with my client?
[Pause]
[DEFENSE COUNSEL]: Your Honor, at this time, I'm advising my client to plead the Fifth Amendment to any questions you want to ask.

Accordingly, we affirm the judgments appealed from to the extent that they convict appellant of petit larceny and destruction of property and impose concurrent sentences for these substantive offenses. However, we vacate the 90-day sentence imposed pursuant to D.C.Code 1973, § 23–1328, unless on remand the government introduces evidence, with appellant and his counsel present, which satisfies the sentencing judge that, at the time of the commission of the offenses, appellant was on release.

*So ordered.*