UNITED STATES of America, Plaintiff,

v.

Luis Antonio MESA, Defendant.

No. 85–496–CR.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 26, 1986.

Richard Harris, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Carlos A. Santos, Miami, Fla., for defendant.

## MEMORANDUM DECISION

SCOTT, District Judge.

THIS CAUSE is before the Court upon defendant Luis Mesa's "Motion of Arrest of Judgment and Modification of Sentence." In light of the novelty of the issues, a factual and legal discussion is required.

### FACTUAL BACKGROUND

The defendant Luis Mesa ("Mesa") was convicted by a jury of conspiring to possess with intent to manufacture cocaine in violation of 21 U.S.C. § 846 and of possession with intent to manufacture cocaine in violation of 21 U.S.C. § 841(a)(1). At the sentencing proceeding on June 6, 1986, the Court sentenced Mesa to a thirty-year term of imprisonment. After the Court imposed this sentence, counsel for the government requested for the first time that Mesa be subjected to an additional term of imprisonment pursuant to 18 U.S.C. § 3147.[1] Thereupon, the Court deferred ruling on the government's request and recessed the

---

1. 18 U.S.C. § 3147 provides in pertinent part:

A person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony. . . .

. . . .

A term of imprisonment imposed pursuant to this section shall be consecutive to any sentence of imprisonment.

In the present case, the government filed an Information charging that on December 12, 1984, Mesa entered a guilty plea in Case No. 84–481–CR–Hoeveler. It was further charged that while Mesa was released on bond pending sentencing and appeal of that case, he committed the offenses in this case.

sentencing proceeding until the following week in order to provide defense counsel with an opportunity to review the pleadings and the relevant law. On June 13, 1986, the sentencing proceeding resumed. After giving Mesa an opportunity to inform the Court of his position, the Court sentenced Mesa to an additional term of ten years pursuant to Section 3147. Mesa now moves under Rule 35, F.R.Crim.P., for a modification of his sentence.

### DEFENDANT'S CONTENTION

At the outset, Mesa concedes that Section 3147 creates an enhancement in penalty rather than a separate offense.[2] He contends, however, that this Court did not have the power to enhance the penalty for the offenses committed by Mesa while on release under the Bail Reform Act of 1984. His argument is that the penalty is to be an enhancement of the sentence ordered for the initial offense for which he was on release and not an enlargement of the sentence ordered for the offenses committed while on release. The issue is really one of statutory construction.

In discerning the meaning of a statute, the first inquiry must be directed to the statute's language. *Flora v. United States,* 357 U.S. 63, 65, 78 S.Ct. 1079, 1081, 2 L.Ed.2d 1165, 1167 (1958). If the language is plain, there is no duty of interpretation and the function of the courts is limited to enforcing the statute according to its own terms. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). When a statute is clear on its face, there is no need to look

beyond the statute itself to determine what it means. *United States v. Oregon,* 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961); *Glenn v. United States,* 571 F.2d 270 (5th Cir.1978); *United States v. Second Nat'l. Bank of N. Miami,* 502 F.2d 535 (5th Cir.1974). "The plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes of deduction from events of wholly ambiguous significance, may furnish dubious bases for inference in every direction." *Gemsco, Inc. v. Walling,* 324 U.S. 244, 260, 65 S.Ct. 605, 615, 89 L.Ed. 921, 933 (1945).

This Court is convinced that a careful, reasonable examination of Section 3147 yields a plain, unambiguous meaning. The statute grants to the courts the power to enhance the penalty for an offense committed while on release under the Bail Reform Act of 1984. *Cf. United States v. Rodriquez,* 794 F.2d 24 (2nd Cir.1986) (dictum) (referring to 18 U.S.C. § 3147, the court stated that "[t]his legislatively designed scheme suggests linkage between the penalties established for crimes committed while released on bail and the Sentencing Reform Act"). There is nothing in the statutory language to suggest the construction proposed by Mesa.

Notwithstanding the clear statutory language of Section 3147, Mesa asks this Court to look beyond its obvious meaning to the report of the Senate Committee on the Judiciary, *S.Rep. No.* 98–225, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S. CODE CONG. & AD.NEWS 3182. It is need-

---

**2.** Unlike Section 924(c) of the Federal Firearms Act, which creates a separate offense, *United States v. Sudduth,* 457 F.2d 1198 (10th Cir.1972); *United States v. Ramirez,* 482 F.2d 807 (2nd Cir.1973), Section 3147 clearly pertains to an enhancement in penalty. *Cf. Tansimore v. United States,* 355 A.2d 799 (D.C.1976) (holding that D.C.Code 1973, § 23–1328 does not create a new and separate crime). Support for this Court's construction of Section 3147 is found by examining the statutory language and the legislative history. In Senate Report No. 98–225, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S.CODE CONG. & AD.NEWS 3182, it was stated in pertinent part:

> Section 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provisions of this title and to punish those who indeed are convicted of another offense.... [T]his section prescribes a penalty.... This additional penalty is a term of imprisonment of at least two years and not more than ten if the offense committed while on release is a felony. If the offense committed while on release is a misdemeanor, this additional penalty is at least 90 days and not more than one year.

less to quote the language of the report.[3] The interpretation compelled by the words of the statute cannot be replaced by the comments of the Senate Committee on the Judiciary. *See United States v. Burden, Smith & Co.*, 33 F.2d 229, 230 (5th Cir.1929) ("Reports of committees of the House and Senate may be looked to as aids in construing ambiguous or conflicting terms of a statute, but they cannot be taken as giving it a meaning not fairly within its words.") (quoting *St. Louis, Iron Mountain & S.R. Co. v. Craft*, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160 (1915)). This Court, then, sees no merit in Mesa's contention and rejects his proposed interpretation of the statute. Section 3147 clearly grants to the courts the power to enhance the penalty for an offense committed while on release under the Bail Reform Act. Accordingly, this Court's sentencing of Mesa to an additional term of imprisonment of ten years was authorized by 18 U.S.C. § 3147.

### COURT'S OWN INQUIRY:

### WERE ADEQUATE PROCEDURAL SAFEGUARDS PROVIDED?

■ While authorized by 18 U.S.C. § 3147 to impose an additional term of imprisonment, this Court is concerned that Mesa was sentenced without first being afforded adequate procedural safeguards. This Court notes that Mesa does not attack his sentence on this ground. It is the duty of the sentencing court, however, to correct an illegal sentence. *See Breest v. Helgemoe*, 579 F.2d 95 (1st Cir.1978); *Lee v. United States*, 400 F.2d 185 (9th Cir.1968). Hence, the issue of whether adequate procedural safeguards were afforded Mesa prior to sentencing is a proper one to be raised by this Court on its own initiative.

■ No statutory procedure is set forth in 18 U.S.C. § 3147. Nevertheless, this Court has no doubt that certain procedural safeguards must be afforded before the release offender penalty can be imposed. At a minimum, a release offender cannot be sentenced under 18 U.S.C. § 3147 without an admission or proof that he was, in fact, on release during the commission of the crimes for which he was convicted. *Cf. Tansimore v. United States*, 355 A.2d 799, 804 (D.C.1976) (and cases cited therein) (holding that it was error to sentence release offender under D.C.Code 1973, § 23–1328 in the absence of an admission or proof that he had been on release when he committed offenses).

In the case at bar, the government did not introduce any proof either of the fact of release or of the identity of Mesa as the release offender. Instead, this Court relied upon the unsubstantiated allegations contained in the Information. There is no doubt that the procedures employed in this case were inadequate and thus violated Mesa's due process rights. Accordingly, the imposition of an additional ten-year term of imprisonment pursuant to 18 U.S.C. § 3147 was improper.

### CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendant Mesa's motion to vacate the ten-year sentence imposed under 18 U.S.C. § 3147 is GRANTED. It is FURTHER ORDERED that on Friday, October 17, 1986, at 9:00 A.M., a hearing will be held on the matter of Mesa's release offender status for this Court's consideration of imposing sentence pursuant to 18 U.S.C. § 3147. The government shall have the burden of introducing evidence, with Mesa and counsel present, to satisfy this Court that Mesa was on release

---

**3.** Although a court may consider the legislative history where the plain meaning of the statute would lead to a result "plainly at variance with the policy of the legislation as a whole," *Ozawa v. United States*, 260 U.S. 178, 194, 43 S.Ct. 65, 67, 67 L.Ed. 199 (1922), such is not the case here. Section 3147 was intended to deter those released under the provisions of the Bail Reform Act from committing another offense while on release. *See S. Rep. No.* 98–225, 98th Cong., 2nd Sess., *reprinted in* 1984 U.S.CODE CONG. & AD.NEWS 3182. The statute is not so at variance with the policy of the legislation as to justify disregarding the clear meaning of the statutory language.

at the time of the commission of the of-fenses.