Antoine **BANNOUT**, Plaintiff,

v.

Herbert **BROWNELL**, Jr., Defendant.

Civ. A. No. 3818-52.

United States District Court,
District of Columbia.

March 8, 1955.

Jack Wasserman, Washington, D. C.,
for plaintiff.

Joseph A. Rafferty, Jr., Asst. U. S.
Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action for a declaratory judgment to establish the plaintiff's eligibility for naturalization as a citizen of the United States.

There is a preliminary question in this case, namely, whether this action may be maintained. The Government contends, on the authority of Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972, that since the deportation of the plaintiff has been ordered his only remedy is by writ of habeas corpus after he has been arrested for deportation and that he may not maintain an action for a declaratory judgment. The Heikkila case does support this proposition, but it provides certain exceptions to that rule. One exception consists of cases which do not involve an outstanding deportation order. The other exception is one in which the case involves the determination of status, either citizenship or eligibility for citizenship.

Counsel concede that it is not clear from the opinion whether the two

exceptions should be read in the conjunctive or in the disjunctive, namely, whether both circumstances must be present in order to permit the maintenance of an action for a declaratory judgment or whether such an action may be maintained if either one of these conditions exists. The Court is going to resolve this ambiguity by holding that these exceptions should be read in the disjunctive, as that seems to be what the Supreme Court intended, although admittedly it is not quite clear. Consequently, since this case involves eligibility for citizenship it is within the second exception and, therefore, this action may be maintained.

The next question is whether there has been any violation of the pertinent regulations in the administrative proceeding which would vitiate the final decision. In this case, after a hearing, the Commissioner of Immigration ordered the deportation of the plaintiff. An appeal was taken from his order to the Board of Immigration Appeals. The Board of Immigration Appeals reversed the decision of the Commissioner of Immigration and in a detailed opinion, containing a discussion of the law as well as findings of fact, the Board reached the conclusion that the plaintiff was not subject to deportation and should not be deported. The reasons for its conclusion are immaterial for the purposes of this discussion.

There are two regulations that are pertinent. One is Section 90.11 of Title 8 of the Code of Federal Regulations, which provides that a copy of the decision and order of the Board of Immigration Appeals shall be transmitted by the Board to the counsel or representative of the party against whom the order is issued, or, in the absence of such counsel or representative, to the party himself. The decision of the Board was rendered on August 2, 1951. In violation of the regulation, to which reference has just been made, a copy of this decision was not transmitted to counsel at the time.

The next pertinent regulation is Paragraph 90.12, which provides that the Board of Immigration Appeals shall refer to the Attorney General for review of its decision certain specified categories of cases, one of which includes cases that the Chairman or a majority of the Board believes should be referred to the Attorney General for his decision. Pursuant to this regulation, the Board referred its decision to the Attorney General for review, but did not notify the plaintiff or his attorney that such reference had been made. On September 11, 1951, Honorable Peyton Ford, as Acting Attorney General, filed a memorandum reading as follows:

"The decision and order of the majority of the Board of Immigration Appeals, dated August 2, 1951, are hereby disapproved."

No reasons for this action were given. It was only after the decision of the Attorney General, namely, on September 13, 1951, that notice was sent to the counsel for the plaintiff of the decision of the Board, accompanied by a copy.

The Court is of the opinion that a fair construction of the regulation which requires the Board of Immigration Appeals to refer to the Attorney General for review of the Board's decision cases of certain specified types, is that it necessarily implies that notice of this reference must be given to the alien or his counsel in order that an opportunity may be accorded for submission of briefs or memoranda or other material to the Attorney General in connection with his review of the decision of the Board. The Court does not mean to say that the alien is entitled to an oral hearing before the Attorney General. That would be impracticable. The Court does hold that the alien is entitled to notice of the reference to the Attorney General in order that he may submit written argument or material, presenting and arguing the case from the alien's standpoint. The review provided for by the regulation is obviously not an arbitrary action, but a review on the facts and the law, and a weighing of discretion on a sound basis

**490**

in respect to those matters in which discretion is reposed in the administrative officials.

In fact, any other construction would raise a serious question as to the validity of the regulation in the light of the decision of the Supreme Court in the case of Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, in which Mr. Chief Justice Hughes wrote for a unanimous bench. But the validity of the regulation is not to be determined in this proceeding because the Court holds that it should be construed as implying that there should be a notice of the reference to the Attorney General and an opportunity to file written argument or written material.

Because of failure to comply with this requirement the Court holds that the proceeding is vitally defective. The right to submit argument is no mere technical right, but goes to the very substance of justice and fair hearing. The Court will render final judgment in favor of the plaintiff, holding the proceeding invalid and remitting it to the immigration authorities for further proceedings consistent with the ruling of the Court.