**Sebastiano NANI, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Defendant.**

**Civ. A. No. 4515–56.**

United States District Court
District of Columbia.

March 27, 1957.

William H. Collins, Washington, D. C., Samuel Paige, New York City, for plaintiff.

E. Riley Casey, Asst. U. S. Atty., Washington, D. C., for defendant.

McGUIRE, District Judge.

The plaintiff filed a complaint seeking a declaratory judgment declaring that a warrant of arrest directed towards his deportation and all proceedings pursuant thereto to be declared invalid and void. A temporary restraining order and a preliminary injunction enjoining the defendant from acting upon the same until further order of the Court was subsequently entered.

The ground of deportation is predicated upon the fact that on August 27, 1954 the plaintiff was sentenced to three years imprisonment upon his conviction

in the United States District Court for the Northern District of California for violation of 18 U.S.C.A. § 371, the so-called Conspiracy Statute, the laws which he was held to be in conspiracy to violate being those relating to narcotic drugs, all within, the Government claims, the purview of Title 8 U.S.C.A. § 1251.

The reasons adduced and which he relies upon in his effort to invalidate the warrant of deportation are two: (1) that the crime of conspiracy is *not* a ground for deportation under the statute and, (2) that he was not notified of reference of his case to the Attorney General after the action of the Board of Immigration Appeals had made such and that this violated due process. These contentions will be disposed of seriatim, and both are without merit.

 First, there is no question but that conspiracy is a separate offense. It was a misdemeanor at common law and by statute it has been integrated into the body of federal criminal law. There are numerous cases, so numerous as to remove the question completely even from the area of argument, holding that the crime of conspiracy, so-called, is separate and distinct from the substantive offense. However, conspiracy cannot exist in a vacuum. It is an unlawful design or agreement to do something. It takes its character and its quality from the nature of the law towards whose violation it is or was directed, and in this particular instance it was to violate the narcotics laws of the United States. There is no doubt, therefore, as a consequence, that a person convicted of a conspiracy directed towards the violation of the statutes in relation to narcotic drugs is guilty of a violation of law *relating to* the illicit traffic in the same. Any other conclusion would do violence to common sense and the plain intent of the statute itself.

 Another question is whether or not the warrant of deportation complies with the nature of the crime of which the plaintiff was convicted. It does. It specifically states in the last sentence that he was convicted of "conspiracy (18 U.S.C. 371) to violate the Jones-Miller Act (21 U.S.C. 174) and the Harrison Narcotics Act (26 U.S.C. 2553 (a))." The fact that it is recited in the body of the warrant above this sentence that he has been "convicted of a violation of any law or regulation governing the taxing * * *" of such drugs is mere surplusage and addenda. It actually adds nothing and it takes nothing away. The fact is that he was *not* so convicted, *but he was convicted of conspiracy relating to such.*

The second argument in relation to so-called denial of due process is without substance. Bannout v. Brownell, D.C. D.C., 129 F.Supp. 488 can be distinguished. In that case there *was* a violation of a regulation in that the decision of the Board of Immigration Appeals was not transmitted to plaintiff's counsel. This is wanting here. With reference, however, to that part of the opinion of the Court holding that upon reference to the Attorney General of the case for review by the Board the regulation *requires* that the plaintiff or his attorney be notified and "that it necessarily implies that notice of this reference must be given to the alien or his counsel in order that an opportunity may be accorded for the submission of briefs or memoranda or other material to the Attorney General in connection with his review of the decision of the Board" this Court does not concur. The pertinent regulation is set forth in Title 8 C.F.R. 6(f), p. 18. It reads as follows: "The decision of the Board shall be in writing * * *" and (h) "The Board shall refer to the Attorney General for review all cases * * *" and nowhere is it provided specifically for notification of this fact to the individual concerned nor is it implied. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, upon which the Court relied, also can be distinguished. There the Court was concerned with the statute specifically providing for a "full hearing," and the Court held that the words of the statute meant just that. Cf. also

Ex parte Bridges, D.C., 49 F.Supp. 292 at page 304, affirmed 9 Cir., 144 F.2d 927, and reversed on other grounds, Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103.

Order accordingly.