**Sebastiano NANI, Appellant,**

v.

**Herbert BROWNELL, Jr., Appellee.**

**No. 13792.**

United States Court of Appeals District of Columbia Circuit.

Argued May 21, 1957.

Decided June 27, 1957.

Writ of Certiorari Denied Nov. 12, 1957.

See 78 S.Ct. 119.

See also, 218 F.2d 730.

Mr. Samuel Paige, New York City, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of Court, with whom Mr. William H. Collins, Washington, D. C., was on the brief, for appellant.

Mr. E. Riley Casey, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a deportation case, in which the District Court granted the Government's motion for summary judgment. The facts and the issues involved are stated in Judge McGuire's memorandum of March 27, 1957, 153 F.Supp. 679, and need not be restated here.

█ On the principal point of law, we agree with the District Court that the appellant's conviction of conspiracy (under 18 U.S.C. § 371) to violate the Jones-Miller Act, 21 U.S.C.A. § 174, and the Harrison Narcotic Act, 26 U.S.C. § 2553(a), was a conviction of "a violation of any law or regulation relating to the illicit traffic in narcotic drugs" within the meaning of Section 241(a) (11) of the Immigration and Nationality Act, 66 Stat. 204, 206–207, 8 U.S.C.A. § 1251(a) (11), and that appellant was thus rendered deportable. We also agree with the District Court that the warrant of deportation adequately stated the nature of the crime of which appellant had been convicted.

█ Appellant further contends that he was not notified that his case had been referred to the Attorney General for review [1] after the Board of Immigration Appeals had ruled in his favor, and that he had no opportunity to file a brief before the Attorney General.[2] We think that under the circumstances of this case appellant cannot fairly allege lack of due process, or any prejudicial noncompliance with law. In his complaint for declaratory judgment in the District Court he raised the precise question of law which had been considered by the Attorney General, and which in actuality appears to have been the only subject of consideration by the latter, namely, the question of law above mentioned as to the interpretation of Section 241(a) (11) of the Immigration and Nationality Act. The District Court ruled on that question at appellant's request, and appellant now urges this court to reverse the ruling. Under the circumstances, the ruling of the District Court appearing to us to be clearly correct, we think that it would be a frivolity to remand the case to the Attorney General for the receipt of briefs to give appellant the chance of securing from the Attorney General a new and different decision on a point of law which in the view of the District Court and this court would be erroneous. Perhaps if some question of discretion or of a change in a factual finding had been involved, appellant would have a stronger argument. Cf. United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499,

---

1. Under 8 C.F.R. 6.1(h) (1953).

2. Citing and relying upon Section 292 of the Immigration and Nationality Act, 66 Stat. 235, 8 U.S.C.A. § 1362. Appellant also complains that a copy of the

Board's decision was not served upon him, as required by 8 C.F.R. 6.1(f) (1953). But it appears that he received a copy after the Attorney General had reviewed the Board's action.

98 L.Ed. 681. The instant case involved solely a question of law, free of any element of administrative expertise or judgment.

Accordingly, the judgment of the District Court will be

Affirmed.

BAZELON, Circuit Judge (dissenting).

Under applicable regulations [1] appellant was entitled to notice that the Board of Immigration Appeals' decision in his favor had been referred to the Attorney General for review. The plain purpose of such notice is to afford appellant an opportunity to urge his position on brief to the Attorney General. Appellant was deprived of that opportunity since he was not given notice until after the Attorney General had reversed the Board's decision.

The integrity of each step in the regulatory scheme for administrative decision was emphasized in United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681. There the Board of Immigration Appeals, to which the Attorney General had delegated his discretionary power to suspend deportation, under § 19(c) of the Immigration Act of 1917, had denied Accardi's application for suspension. Accardi appealed on the ground that inclusion of his name on the Attorney General's list of "unsavory characters" precluded fair consideration of his case by the Board. The Court held that the regulations by which the Attorney General delegated his discretionary authority to the Board forbid him to dictate the Board's decision, even though, as the dissenting justices pointed out, the Board's "every decision is subject to his unlimited review and revision." 347 U.S. at pages 269, 270, 74 S.Ct. at page 504. "In short," said the Court, "as long as the regulations remain operative, the Attorney General denies himself the right to sidestep the Board or dictate its decision in any manner." Id., 347 U.S. at page 267, 74 S.Ct. at page 503.[2] The Court remanded the case to the District Court to determine whether there had, in fact, been a prejudgment; and if so, to order a new administrative hearing.

As long as the regulations in the instant case remain operative, the appellant must be afforded the opportunity to defend the Board's decision in his favor and the Attorney General must fairly consider any argument made. Since appellant was denied the opportunity to defend the Board's favorable decision before the Attorney General reversed it, the Attorney General's decision was not made in accordance with law and is therefore fatally defective.