Henry DANIEL, Jr., a/k/a Henry Daniels, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 12565.

District of Columbia Court of Appeals.

Argued Sept. 27, 1978.

Decided Dec. 3, 1979.

Robert F. Muse, Public Defender Service, Washington, D. C., for appellant. Silas J. Wasserstrom, Public Defender Service, Washington, D. C., also entered an appearance for appellant.

Noel Anketell Kramer, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed and John A. Terry, and Peter E. George, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

Appellant was convicted after a bench trial for second-degree burglary (D.C.Code 1973, § 22–1801(b)) and grand larceny (D.C. Code 1973, § 22–2201). The issue is whether appellant's right to equal protection[1] was violated when he was sentenced as a release offender pursuant to D.C.Code 1973, § 23–1328,[2] where there was no showing of his culpability in the earlier offenses for which he was on release. We affirm.

On December 12, 1975, appellant was charged with three misdemeanors: threats, carrying a dangerous weapon and possession of a narcotic drug. Subsequently, he was released on bond. On July 17, 1976, before proceedings commenced on the misdemeanors, appellant was arrested on felony charges which are the subject of the instant case. The government served notice on May 16, 1977, that if appellant was convicted of these felonies, he would be subject to additional penalties under the release offender statute, D.C.Code 1973, § 23–1328, because at the time of his arrest he was on pretrial release pursuant to D.C. Code 1973, § 23–1321.[3] The next day a bench trial was held after which appellant was found guilty. On July 18, 1977, appellant was sentenced to concurrent terms of three-to-nine years for burglary and one-to-three years for grand larceny; in addition, appellant received a consecutive one-to-five year sentence as a release offender, D.C. Code 1973, § 23–1328. On October 4, 1977, the misdemeanor charges which led to appellant's pretrial release were dismissed.

We reject appellant's contention that Section 1328 operates to deny him his constitutional right to equal protection under the law. It is advanced that this provision creates two classes of convicted criminals: 1) those who have committed an offense while on pretrial release from an earlier charge and 2) those who have committed an offense while not on release status. The argument is made that both classes are presumptively innocent of the first crime charged and yet are treated differently. Thus appellant concedes the applicability of Section 1328 to persons who at some time are convicted of the earlier charge, but challenges the operation of its terms to those who have not been convicted of the earlier charge. Appellant also impliedly concedes that his argument finds no support in the plain language of Section 1328.

In pertinent part, Section 1328 states, "Any person convicted of an offense committed while released pursuant to section 23–1321 shall be subject to [certain additional penalties] . . . ." It is not the disposition of the earlier charge which triggers the enhanced penalty of Section 1328 in a second offense; rather, it is the commission of the second offense while on pretrial release, and the subsequent conviction for that offense which activates imposition of an increased sentence. This interpretation comports with our decision in *Tansimore v. United States,* D.C.App., 355 A.2d 799 (1976), where in meeting the argu-

1. For the reasons discussed herein we reject appellant's due process argument as it is grounded on the same misconception as his equal protection claim. In *Tansimore v. United States,* D.C.App., 355 A.2d 799 (1976), this court held that before additional penalties may be imposed under Section 1328, a defendant is entitled to certain procedural due process safeguards. *Id.* at 803–04. Those safeguards have been complied with here.

2. D.C.Code 1973, § 23–1328 provides:
    (a) Any person convicted of an offense committed while released pursuant to section 23–1321 shall be subject to the following penalties in addition to any other applicable penalties:
    (1) A term of imprisonment of not less than one year and not more than five years if

convicted of committing a felony while so released; and
    (2) A term of imprisonment of not less than ninety days and not more than one year if convicted of committing a misdemeanor while so released.
    (b) The giving of a warning to the person when released of the penalties imposed by this section shall not be a prerequisite to the application of this section.
    (c) Any term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

3. D.C.Code 1973, § 23–1321, provides the conditions for release in noncapital cases prior to trial.

ment that Section 23–1328 created a new and separate crime, we stated:

> By its very terms, the provisions of § 23–1328 become operational only *after* a trial and *after* the accused has been found guilty. The fact that one was on release during the commission of a crime for which he is convicted merely serves to enlarge the penalty and is, therefore, a sentencing matter within the exclusive jurisdiction of the trial judge. [*Id.* at 803; emphasis in original.]

■ We find no constitutional impediment to this legislative imposition of increased penalties for the commission and conviction of a crime. Under these conditions, in analyzing Section 1328 within a constitutional equal protection framework, we find reliance upon the "strict scrutiny" test to be misplaced. Historically, courts have used the less rigorous rational basis test to examine statutory sentencing classifications. *See Marshall v. United States,* 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); *McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973); *United States v. Thomas,* 158 U.S.App.D.C. 233, 485 F.2d 1012 (1973); *United States v. Fersner,* 151 U.S.App.D.C. 20, 465 F.2d 605 (1972) and *Kendrick v. United States,* 99 U.S.App. D.C. 173, 238 F.2d 34 (1956). Therefore, the appropriate question to ask is whether the criminal sanctions of Section 1328 bear a reasonable relationship to a permissible governmental purpose.

■ The legislative history of this provision shows that Congress was concerned about the large number of crimes committed by people on pretrial release. *See* S.Rep.No.405, 91st Cong., 1st Sess. 3 (1969); H.R.Rep.No.907, 91st Cong., 2d Sess. 82 (1970). It was found that these offenders posed a demonstrable danger to the community; therefore, Congress sought to deter "bail recidivism" by imposing additional penal sentences on defendants who were convicted of crimes committed while awaiting trial on earlier charges. Managers on the Part of the Senate for S.2601, 91st Cong., 2d Sess., Statement Regarding the Conference Action Upon S.2601, 31 (Comm. Print

1970). It is immaterial whether the accused is convicted of the first offense because the conduct the statute is designed to regulate is the commission of the later offense. In light of the circumstances that existed at the time of its enactment, Section 1328 is a reasonable response to a legitimate governmental activity, *i. e.,* prevention of crime. Accordingly, the judgment of conviction is

*Affirmed.*