Anthony C. MAYE, Appellant,

v.

UNITED STATES, Appellee.

No. 85–1537.

District of Columbia Court of Appeals.

Submitted July 15, 1987.
Decided Dec. 9, 1987.

---

**350**

Mindy A. Daniels was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., with whom Michael W. Farrell, Sherri L. Berthrong, and Maria E. Cassalia, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, NEWMAN and BELSON, Associate Judges.

PER CURIAM:

The facts of this case are not in dispute. After waiving his right to a jury trial, appellant pled guilty to a one-count indictment charging him with distribution of dilaudid (hydromorphone) in violation of D.C. Code § 33–541(a)(1) (1986 Supp.). Thereafter, he was sentenced to the minimum mandatory term of four to twelve years of imprisonment pursuant to D.C.Code § 33–541(c)(1)(A) (1986 Supp.). Appellant had a prior conviction, in 1983, for distribution of a controlled substance thereby excluding him from consideration under the addict exception in D.C.Code § 33–541(c)(2) (1987 Supp.).

Appellant contends that the mandatory minimum sentencing provision of D.C. Code § 33–541(c) is unconstitutional as a denial of his due process rights under both the Fifth and Fourteenth Amendments [1] of the Constitution. Specifically, appellant argues that the statute restricts the sentencing discretion of the trial court and thereby effects a denial of his right to individualized sentencing consideration. We disagree. This is a question of the boundaries of judicial and legislative power, and our reading of *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), *Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916), and *United States v. Bridgeman,* 173 U.S.App.D.C.

150, 523 F.2d 1099 (1975) leads us to the conclusion that appellant was not deprived of his due process rights under the Fifth Amendment. Therefore, we affirm the trial court's ruling.

In *Bridgeman,* appellant Brown, as does appellant in the instant case, advanced the argument that "the minimum sentence provision [was] unconstitutional because it divests the trial court of all discretion concerning the duration of punishment...." *Id.* at 172, 523 F.2d at 1121. The United States Court of Appeals for the District of Columbia Circuit found appellant's argument unpersuasive. Indeed, the court concluded that "the statutory boundaries of criminal sentences are 'peculiarly questions of legislative policy.'" *Id.* (quoting *Gore v. United States, supra,* 357 U.S. at 393, 78 S.Ct. at 1285). We likewise conclude that it is beyond the scope of our power to refashion a statutory scheme that mandates specific sentences for clearly defined criminal offenses.

The Supreme Court, in *Gore,* stated: "[i]n effect, we are asked to enter the domain of penology, and more particularly that tantalizing aspect of it, the proper apportionment of punishment.... This Court has no such power." *Id.* at 393, 78 S.Ct. at 1285. Indeed as early as 1916, the Supreme Court expressed its concern that the type of argument advanced by appellant, in the instant case, would wreak institutional chaos between the judiciary and legislatures: "[a]nd thus it would come to pass that the possession by the judicial department of power to permanently refuse to enforce a law *would result in the destruction of the conceded powers of the other departments and hence leave no law to be enforced." Ex Parte United States, supra,* 242 U.S. at 42, 37 S.Ct. at 74 (emphasis added).

Finally, appellant maintains that he was not afforded his right to allocution as the mandatory minimum sentence provision divested the trial judge of discretion in the pronouncement of sentence. This argument is without merit. Appellant was not

---

1. Our analysis is limited to the due process clause of the Fifth Amendment; the Fourteenth Amendment does not apply to the District of Columbia. *See* U.S. CONST. amend. XIV, § 1 (1868).

denied the right to allocution; neither was allocution rendered meaningless in his case because of the mandatory minimum provision. The trial court rendered a sentence—four years to twelve years—that did not track the outer limits of the statutorily defined punishment. Thus, the court could have imposed a sentence of *more* than four years and a maximum of *fifteen* years. Appellant received the minimum sentence under the statute.[2]

We conclude that "[t]hese decisions effectively foreclose appellant's constitutional attack on the mandatory minimum sentence." *United States v. Bridgeman, supra,* 173 U.S.App.D.C. at 172, 523 F.2d at 1121.

*Affirmed.*

---

**2.** As appellant apparently recognizes, it is the existence of his prior conviction which limited the discretion of the sentencing judge and thus the utility of allocution.