**Warren H. GIBSON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 89–113.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1991.
Decided Jan. 7, 1992.

Jensen E. Barber, Washington, D.C., appointed by the court, for appellant.

Steven J. McCool, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Roy W. McLeese, III, and Katherine Worthington, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before STEADMAN, WAGNER and KING, Associate Judges.

KING, Associate Judge:

Appellant challenges, on constitutional grounds, the statutory provision declaring those previously convicted of specified drug trafficking offenses to be ineligible to invoke the addict exception [1] to the mandatory-minimum sentencing requirements of the Controlled Substance Act.[2] Although we have rejected constitutional challenges to other provisions of the mandatory-minimum sentencing statute in previous cases,[3] we have not been called upon to consider constitutional challenges to the prior conviction exclusion.

In four separate indictments appellant was charged with two counts of distribu-

---

1. D.C.Code § 33–541(c)(2) (1988 Repl.).

2. D.C.Code § 33–541(c)(1) (1988 Repl.).

3. *Gethers v. United States,* 556 A.2d 201, 202 n. 1 (D.C.1989) (rejecting equal protection and void for vagueness challenges to mandatory-mini-mum sentence provisions); *Backman v. United States,* 516 A.2d 923, 926–27 (D.C.1986) (rejecting equal protection challenge to provision denying availability of addict exception to those addicted to cocaine while allowing use to those addicted to heroin).

tion of heroin and two counts of distribution of cocaine. He later pled guilty to two counts of distribution of heroin. Subsequently, Judge John R. Hess sentenced him to two concurrent mandatory-minimum terms of imprisonment of four-to-twelve years on each count. Appellant claims that the prior convictions[4] exclusion of the addict exception to the mandatory-minimum sentencing provision: (1) denies him equal protection of the laws, and (2) constitutes a forbidden *ex post facto* law.[5] We reject his challenge on both grounds and affirm his convictions.

## I.

In 1981, the Council of the District of Columbia adopted the Uniform Controlled Substance Act of 1981 ("the UCSA"), D.C.Law 4–52 (codified at D.C.Code §§ 33–501 to 33–567 (1988 Repl. & 1991 Supp.)) to combat the District's pervasive drug problem. The UCSA prohibits the manufacture, distribution, or possession with intent to distribute or manufacture a controlled substance. D.C.Code § 33–541(a)(1) (1988 Repl.). Pursuant to a voter initiative passed on September 14, 1982, the UCSA was amended to incorporate mandatory-minimum sentencing provisions and the addict exception which became effective on June 7, 1983. *See* 30 D.C.Reg. 1082–1087 (1983). The amendment provides:

> [T]he court may, in its discretion, waive the mandatory-minimum sentencing provisions ... when sentencing a person *who has not been previously convicted ... for knowingly or intentionally manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance* ... if the court determines that the person was an addict ... and that such person knowingly or intentionally ... distributed ...

a controlled substance ... for the primary purpose of enabling the offender to obtain a narcotic drug ... which he required for his personal use because of his addiction....

D.C.Code § 33–541(c)(2) (1988 Repl.) (emphasis added).

This language allows the court to impose a sentence[6] under the addict exception if the appellant: (1) was an addict; (2) committed the offense for the primary purpose of enabling him to obtain a narcotic drug which he required for his personal use because of his addiction to such drug; and (3) has not previously been convicted of manufacturing, distributing or possessing with intent to distribute a controlled substance. Appellant claims he could establish eligibility under (1) and (2); however, he does not qualify under (3). It is that provision that he now challenges in this proceeding.

## II.

■ The government claims, and appellant does not dispute, that the rational basis test is the standard applicable to equal protection challenges to a statutory sentencing classification. *Backman v. United States*, 516 A.2d 923, 926–27 (D.C. 1986); *Daniel v. United States*, 408 A.2d 1231, 1233 (D.C.1979); *see Marshall v. United States*, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974). This standard allows legislatures wide discretion in attacking problems in any rational manner. *See Williamson v. Lee Optical, Co.*, 348 U.S. 483, 487–88, 75 S.Ct. 461, 464–65, 99 L.Ed. 563 (1955). The provisions in question here were enacted by voter initiative; however, the same principles of interpretation apply to both legislature-enacted law and voter-enacted law. *See Backman, supra*, 516 A.2d at 926. Even if the statute results in some inequality, it " 'will not be

---

**4.** It was undisputed that appellant had a prior conviction for distribution of heroin.

**5.** Appellant also asserts the trial court erred in not conducting an "addict exception" hearing. *See Grant v. United States*, 509 A.2d 1147, 1155–56 (1986). The trial judge concluded that appellant was not eligible for addict exception consideration. It was, therefore, irrelevant whether he was an addict who committed the offense

primarily to support his habit. Thus, any such hearing would have been superfluous.

**6.** A defendant carries the burden of establishing eligibility for sentencing under the addict exception. *Dupree v. United States*, 583 A.2d 1000, 1002 (D.C.1990); *Finney v. United States*, 527 A.2d 733, 734 (D.C.1987).

set aside if any state of facts reasonably may be conceived to justify' " the statutory discrimination. *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (quoting *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1960)). The test is whether "any state of facts rationally justifying [the classification] is demonstrated to or perceived by the courts." *United States v. Maryland Savings–Share Ins. Corp.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17, 27 L.Ed.2d 4 (1970) (citations omitted). In short, our determination of the existence of a rational basis for the distinction contained in the statute is limited to "whether any state of facts either known or which could reasonably be assumed affords support for it." *Backman, supra,* 516 A.2d at 927 (citing *United States v. Thorne,* 325 A.2d 764, 766 (D.C.1974) (quoting *United States v. Carolene Products Co.,* 304 U.S. 144, 153–54, 58 S.Ct. 778, 784–85, 82 L.Ed. 1234 (1938))).

■ In *Marshall, supra,* the Supreme Court considered and rejected an equal protection challenge to the two-prior convictions exclusion contained in the Federal Narcotic Addict Rehabilitation Act ("NARA").[7] 414 U.S. at 420, 94 S.Ct. at 703. The Court reasoned that in adopting the two-prior felonies exclusion, Congress intended to exclude from treatment those "likely to be less susceptible of rehabilitation by reason of past record, thus posing a greater threat to society upon release." *Marshall, supra,* 414 U.S. at 425, 94 S.Ct. at 705. The Court also concluded it was

neither irrational nor unreasonable for Congress to conclude that "a person with two or more prior felonies would be less likely to adjust and adhere to the disciplines and rigors of the treatment program...." *Id.* at 428, 94 S.Ct. at 707.

■ NARA dealt exclusively with providing treatment to eligible offenders. The addict exception provision in the statute before us does not deal only with treatment;[8] however, it "should be viewed as principally intended for defendants for whom alternative sentencing offers the prospect of drug rehabilitation and, consequently an end to their commission of drug distribution offenses." *Grant v. United States,* 509 A.2d 1147, 1153 (D.C.1986). Thus, as with NARA, it is neither irrational nor unreasonable to conclude that a defendant with a previous drug trafficking conviction would be less susceptible to rehabilitation by reason of his past record. *See Marshall, supra,* 414 U.S. at 425, 94 S.Ct. at 705.

Further it is perfectly rational to limit scarce rehabilitation resources to those drug abusers who have no previously demonstrated involvement in drug trafficking. *See Backman, supra,* 516 A.2d at 928 (Ferren, J. concurring). Such resources are expensive and cannot be made available to all who may need them. The legislature could properly conclude, therefore, that some offenders should not be permitted to participate at the expense of others who may be more deserving or more likely to

---

7. 18 U.S.C. § 4251 *et seq., repealed by* Pub.L. 98–473, 98 Stat. 2027, 2031 (1984). Relying on *Watson v. United States,* 141 U.S.App.D.C. 335, 350, 439 F.2d 442, 457 (1970) and its progeny, *Kleinbart v. United States,* 142 U.S.App.D.C. 1, 439 F.2d 511 (1970); *United States v. Williams,* 143 U.S.App.D.C. 16, 442 F.2d 738 (1970); *United States v. Hamilton,* 149 U.S.App.D.C. 295, 462 F.2d 1190 (1972), appellant argues that the prior conviction exclusion provision violates equal protection because there is no rational basis to distinguish between him, an addict convicted prior to the enactment of the sentencing provisions, and an addict with no prior conviction. The government argues, and we agree, that *Marshall v. United States, supra,* effectively overruled *Watson* to the extent that it holds that disallowing NARA sentencing to those convicted

of two or more felonies violated equal protection.

8. A judge who finds a defendant eligible for the addict exception has available a number of sentencing alternatives other than drug treatment. The sentencing judge could decline to waive the mandatory-minimum sentence, and impose that sentence or even a greater one if legally permissible. *See Maye v. United States,* 534 A.2d 349 (D.C.1987). Alternatively, the judge could impose a nonmandatory-minimum sentence the same as, greater, or less than the mandatory-minimum. Finally, the sentencing judge could place the defendant on probation in lieu of, or in addition to, an incarcerative sentence, with or without drug treatment being imposed as a condition of probation. *See generally Grant, supra* note 5.

benefit from such treatment. Finally, without regard to treatment considerations, it is reasonable to provide legislative grace to those who have no prior drug trafficking record as opposed to those who have previously been convicted of a distribution type offense. A similar form of legislative grace can be found elsewhere in this statute in the provision allowing a trial judge to impose probation without judgment to one found guilty of simple possession. That beneficial consideration, however, is not available to anyone who has any prior drug convictions. D.C.Code § 33–541(e)(1) (1988 Repl. & 1991 Supp.).

In sum, we have identified several rational bases for the distinction drawn in this statute, any one of which is sufficient to successfully withstand the challenge raised here. *See Dandridge v. Williams, supra,* 397 U.S. at 485, 90 S.Ct. at 1161. We conclude, therefore, that the prior felony conviction disqualifier for addict exception consideration does not violate principles of equal protection.

### III.

 Finally, we reject appellant's claim that the provision violates the bar against *ex post facto* laws. The *ex post facto* clause proscribes legislation that retroactively "alter[s] the definition of crimes or increase[s] the punishment for criminal acts". *Collins v. Youngblood,* 497 U.S. 37, ——, 110 S.Ct. 2715, 2717, 111 L.Ed.2d 30 (1990). An example would be a law enacted after an offense was committed but before sentencing which increases the possible penalty that can be imposed. *See Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The UCSA is not such a law. The provision barring addict exception consideration for those previously convicted of certain drug offense is not to be viewed as an "additional penalty for earlier crimes. It is a stiffened penalty for the latest crime...." *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) (upholding habitual offender statutes where one prior conviction relied upon to enhance sentence occurred before date of enactment of the enhancement statute). The statute in question here "defines and fixes the punishment for future ... offenses. That it does so in terms of past offenses does not punish or increase the punishment for those past offenses." *Perkins v. Cabana,* 794 F.2d 168, 169 (5th Cir.), *cert. denied,* 479 U.S. 936, 107 S.Ct. 414, 93 L.Ed.2d 366 (1986). This provision, therefore, does not violate the *ex post facto* clause because no person is denied consideration for the addict exception unless the offense for which he is being sentenced was committed after the effective date of the statute. *Id.; accord United States v. Ahumada–Aratos,* 875 F.2d 681, 683–84 (9th Cir.), *cert. denied,* 493 U.S. 837, 110 S.Ct. 118, 107 L.Ed.2d 79 (1989).

### IV.

Having concluded that the statutory provision violates neither equal protection principles nor the bar against *ex post facto* laws, the judgment appealed from is hereby

*Affirmed.*