**Melvin S. PEARSALL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 92–CF–1239.

District of Columbia Court of Appeals.

Submitted Jan. 5, 1994.
Decided Feb. 3, 1994.

16. Counts IV and V.

Mindy A. Daniels, appointed by this court, was on the brief for appellant.

Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Elizabeth Trosman, Peter R. Zeid-enberg, and Lori A. Green, Asst. U.S. Attys., were on the brief for appellee.

Before TERRY and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant seeks reversal of the trial court's denial of his motion for correction of sentence pursuant to Rule 35[1] in connection with his conviction for distribution of heroin.[2] On appeal, he contends that the trial court abused its discretion in denying his request to be sentenced under the addict exception[3] and that his prior conviction for conspiracy to distribute heroin could not be used to enhance his sentence. Finding no error, we affirm.

## I.

The evidence at trial demonstrated that appellant sold a package of heroin to an undercover officer for $25.00, violating D.C.Code § 33–541(a)(1). Several months before trial, the government had filed with the court and served appellant with notice indicating that appellant was subject to enhanced sentencing, as he had previously been convicted of conspiring to distribute heroin. At sentencing, both appellant and his counsel acknowledged this prior conviction, but contended that it could serve neither as a disqualifying conviction for purposes of the addict exception, nor as a basis for enhancing his sentence. The trial court agreed with appellant that the previous conspiracy conviction was not a disqualifying offense for special sentencing under the Code and similarly found that he was an addict. However, the trial court declined to apply the addict exception to appellant's case because the evidence did not show that he committed the offense in order to obtain drugs to satisfy his addiction. The trial judge also found that appellant's prior conviction of conspiring to distribute heroin was an offense that related to narcotic drugs as provided in D.C.Code § 33–541(g), and therefore, that appellant was subject to an enhanced sentence as a

1. Super.Ct.Crim.R. 35(a) (1993).

2. D.C.Code § 33–541(a)(1) (1993 Repl.).

3. D.C.Code § 33–541(c)(2) (1993 Repl.).

second offender. Appellant was sentenced to a prison term of seven to twenty-one years under the mandatory-minimum sentencing statute.[4] Appellant filed a Rule 35(a) motion for correction of his sentence, which was subsequently denied by the trial court.

## II.

The addict exception provides:

> Notwithstanding the provisions of paragraph (1) of this subsection, the court may, in its discretion, waive the mandatory-minimum sentencing provisions of subparagraphs (A) and (B) of paragraph (1) of this subsection when sentencing a person who has not been previously convicted in any jurisdiction in the United States for knowingly or intentionally manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance ... if the court determines that the person was an addict at the time of the violation[,] ... and that such person knowingly or intentionally manufactured, distributed or possessed with intent to manufacture or distribute a controlled substance ... *for the primary purpose of enabling the offender to obtain a narcotic drug or abusive drug which he required for his personal use because of his addiction to a narcotic drug or an abusive drug.*

D.C.Code § 33–541(c)(2) (1993 Repl.) (emphasis added).

■ In order for a defendant to demonstrate his eligibility for the addict exception, he must show that (1) he has no disqualifying prior conviction,[5] (2) he was an addict at the time of the offense, and (3) he engaged in the distribution primarily to support his narcotic drug addiction. *Gibson v. United States,* 602 A.2d 117, 119 (D.C.1992); *see also Brandon v. United States,* 553 A.2d 640 (D.C.1989). Here, appellant testified that at the time of his arrest he was employed and earned approximately $325.00 per week, of which approximately $235.00 was spent on food, clothing, transportation, and living expenses. Ap-

pellant also testified that he sold drugs in order to earn money to support his drug habit and that he spent approximately $120 a day on drugs for his personal use. Based on appellant's testimony and in light of appellant's criminal record, the trial court found that he did not commit the offense for the primary purpose of satisfying his addiction.

■ Recognizing the deference that is generally accorded to a trial court's factual findings, we conclude that the trial court's finding is sufficiently supported by the evidence. *See Stroman v. United States,* 606 A.2d 767, 769–70 (D.C.1992). The trial judge also indicated that she viewed the chances for appellant's rehabilitation in a non-institutional setting as minimal in light of the nature and length of his criminal record. Given this record, we reject appellant's claim that the trial court abused its discretion in refusing to apply the addict exception to his case. *See Mozelle v. United States,* 612 A.2d 221, 223–24 (D.C.1992).

Turning to appellant's contention that the trial court improperly relied upon his prior conspiracy conviction to enhance his sentence, we note that this issue is one of first impression. The statutory provision relied upon by the trial court states:

> For the purposes of this section, "offense" means a prior conviction for a violation of this section or *a felony that relates to narcotic or abusive drugs,* marijuana, or depressant or stimulant drugs, that is rendered by a court of competent jurisdiction in the United States.

D.C.Code § 33–541(g) (1993 Repl.) (emphasis added).

■ As the statutory language is unambiguous, we are obligated to interpret the provision in view of the ordinary meaning of the words as drafted by the legislature. *See In re McBride,* 602 A.2d 626, 637 (D.C.1992) (en banc); *Davis v. United States,* 397 A.2d 951, 956 (D.C.1979). Here, the statute clearly provides that a prior conviction for a viola-

---

4. D.C.Code § 33–541(c)(1) (1993 Repl.).

5. A defendant is disqualified by a prior conviction "in any jurisdiction in the United States for knowingly or intentionally manufacturing, dis-

tributing, or possessing with intent to manufacture or distribute [an enumerated] controlled substance...." D.C.Code § 33–541(c)(2) (1993 Repl.).

tion of this section *or a felony relating to narcotic drugs* is considered an offense for purposes of sentence enhancement of a present distribution conviction. Based on the plain meaning of the statutory language, we conclude that conspiracy to distribute heroin is a felony which relates to narcotic drugs. To conclude otherwise would be contrary to the "plain language" of the statute, and the circumstances do not persuade us to look beyond the ordinary meaning of the statutory words. *See Tuten v. United States,* 440 A.2d 1008, 1013 (D.C.1982), *aff'd,* 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983).

Appellant asserts that conspiracy to distribute heroin is inapplicable to § 33–541(g) because it is the illicit agreement which is punishable and not the object of the conspiracy. While appellant is correct in asserting that conspiracy is recognized as a separate and independent offense, D.C.Code § 33–549 (1993 Repl.), we decline to accept his contention that conspiracy to distribute heroin cannot serve as a prior offense for purposes of sentence enhancement. Borrowing from one of the cases cited by appellant, "conspiracy cannot exist in a vacuum. It is an unlawful design or agreement to do something. *It takes its character and its quality from the nature of the law towards whose violation it is or was directed...." Nani v. Brownell,* 153 F.Supp. 679, 680 (D.D.C.), *aff'd,* 101 U.S.App.D.C. 112, 247 F.2d 103, *cert. denied,* 355 U.S. 870, 78 S.Ct. 119, 2 L.Ed.2d 75 (1957). While a conviction for conspiracy to commit a burglary would not be considered an "offense" pursuant to § 33–541(g), it is certainly reasonable to conclude that conspiracy to distribute heroin is included within the statutory provision. For these reasons, we conclude that trial court's interpretation of the provision was reasonable, and no error was committed in relying upon appellant's prior conspiracy conviction to enhance his sentence.

*Affirmed.*