**William R. GILMORE, Appellant**

v.

**UNITED STATES, Appellee.**

**No. 93–CF–979.**

District of Columbia Court of Appeals.

Argued Sept. 20, 1994.

Decided Oct. 20, 1994.

Judith A. Lovelace, Washington, DC, appointed by this court, for appellant.

Mark J. Carroll, Asst. U.S. Atty., with whom Eric H. Holder, Jr., U.S. Atty., and

John R. Fisher, Roy W. McLeese, III, and Nancy R. Page, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before FERREN and TERRY, Associate Judges, and NEWMAN, Senior Judge.

TERRY, Associate Judge:

Appellant Gilmore was convicted of distributing heroin, in violation of D.C.Code § 33–541(a)(1) (1993). On appeal he presents three claims of error. We find all three without merit and affirm the conviction.

## I

The government's evidence showed that Gilmore and his co-defendant, Anthony Hubbard, were arrested by two police officers who had seen them engaged in what appeared to be a drug sale. The officers saw Gilmore hand to Hubbard an object that later turned out to be a brown paper packet containing four ziplock bags of white powder. Hubbard was holding the packet in his left hand and a $20 bill in his right hand when the police came forward, arrested both men, and seized both the $20 bill and the brown paper packet with its contents. Gilmore, upon being arrested, said to the officers, "What are you doing? I didn't sell him anything."[1]

Detective David Stroud testified as an expert concerning the manner in which drugs are packaged and sold in the District of Columbia. He also stated that two of the four ziplock bags contained a total of 180 milligrams of heroin (18 percent pure), but the other two were "burn bags," *i.e.*, bags containing white powder but no heroin.

Gilmore's defense, presented through the testimony of his employer and a co-worker, was that he was approached by another man (apparently Hubbard) who said something to him which they could not hear. Gilmore told the man to get away from him and did not engage in any exchange with him, but just then the police came along and arrested both Gilmore and the other man.

---

1. Hubbard was charged with Gilmore as a co-defendant, but he did not appear for trial, and Gilmore was tried alone.

## II

■ Gilmore contends that the prosecutor made several improper comments during her summation to the jury. None of them, however, elicited any objection from defense counsel at trial, and thus on appeal Gilmore must demonstrate that the trial court committed plain error by failing to intervene *sua sponte* and correct the prosecutor's alleged lapses. *McGrier v. United States,* 597 A.2d 36, 41 (D.C.1991); *Dixon v. United States,* 565 A.2d 72, 78 (D.C.1989); *see Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc) (defining plain error). We find no plain error; indeed, we would be hard-pressed to find any error at all. Most of the comments of which Gilmore complains were well founded in the evidence or drew reasonable inferences from the evidence. The few that might arguably be subject to challenge (*e.g.,* the remarks about the economics of drug trafficking and the reference to "greed" as a motive for selling drugs) were at worst irrelevant. The only one that probably crossed the line of impropriety was the statement that a police officer was "up front" about his testimony,[2] but we are not persuaded that this remark was so prejudicial that the court committed plain error by failing to correct it *sua sponte.*

■ Gilmore's challenge to the expert testimony of Detective Stroud is also made for the first time on appeal; at trial Stroud's testimony came in without objection. Once again, therefore, we review only for plain error, and we find none. *See Hawkins v. United States,* 482 A.2d 1230, 1232 (D.C. 1984). Similar testimony has been admitted in drug trials for many years, and we have repeatedly upheld its admission. *See, e.g., Spriggs v. United States,* 618 A.2d 701, 704 (D.C.1992); *Hinnant v. United States,* 520 A.2d 292, 293–294 (D.C.1987); *Harris v. United States,* 489 A.2d 464, 470 (D.C.1985). There is no basis for reversal in the testimony of Detective Stroud.

■ Finally, Gilmore challenges his mandatory minimum sentence as a second drug offender on the ground that his previous offense, possession of heroin, was only a misdemeanor and not a felony; his present conviction, therefore, was his first felony conviction, and he should not have been sentenced as a second offender. This argument, like the others, is made for the first time on appeal. We agree with the government that the plain language of the statute refutes Gilmore's contention. D.C.Code § 33–541(c)(1)(A–1) prescribes a minimum sentence of seven years for the second "offense," and "offense" is defined in section 33–541(g), in pertinent part, as "a prior conviction for a violation of this section...." "This section," of course, is section 33–541 in its entirety, which includes the crime of which Gilmore was previously convicted, possession of heroin. *See* D.C.Code § 33–541(d). Thus it does not matter that possession of heroin is a misdemeanor rather than a felony. The fact that it was "a violation of this section" is enough to make Gilmore's conviction in the instant case a second offense, subject to a seven-year mandatory minimum sentence under subsection (c)(1)(A–1).[3] Just a few months ago we rejected a similar (but not identical) contention in *Pearsall v. United States,* 636 A.2d 966 (D.C.1994). Gilmore's claim of error has no more merit than the one we turned away in *Pearsall.*

The judgment of conviction is

*Affirmed.*

___

**2.** *See Scott v. United States,* 619 A.2d 917, 927 (D.C.1993).

**3.** Before trial the government filed an "Information as to previous conviction enhancing mandatory minimum," pursuant to D.C.Code § 23–111 (1989). Gilmore's claim that a typographical error in this document made it invalid—another argument made for the first time on appeal—is without merit. *See Logan v. United States,* 591 A.2d 850, 853 (D.C.1991).