**William R. GILMORE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 93–CF–979.**

District of Columbia Court of Appeals.

Reargued Oct. 24, 1996.

Decided Aug. 28, 1997.

Judith A. Lovelace, Washington, DC, appointed by this court, for appellant.

Roy W. McLeese, III, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Jaclyn S. Frankfurt, Public Defender Service, with whom James Klein, Samia Fam, and David Reiser, Public Defender Service, were on the brief, for the Public Defender Service as amicus curiae.

Before FERREN and TERRY, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

In a prior opinion, this court affirmed appellant Gilmore's conviction of distribution of heroin and rejected his claim that his mandatory minimum sentence was improperly enhanced under D.C.Code § 33–541(c)(1)(A–1) (1993) (repealed 1995).[1] *Gilmore v. United States,* 648 A.2d 944 (D.C.1994) ("*Gilmore*

---

1. D.C.Code § 33–541(c) established mandatory minimum sentences for certain drug offenses,

including distribution. Subparagraph (A–1), applicable to cases involving heroin, prescribed

*I* "). We later granted rehearing on a single issue and asked the parties and *amicus curiae* to file supplemental briefs addressing the effect on this case, if any, of a recently discovered discrepancy between the enrolled original and the codified version of D.C.Code § 33–541(g). Now, having considered those supplemental briefs, and having heard further oral argument, we adhere to our decision in *Gilmore I.*

I

Gilmore was charged with distribution of heroin in a one-count indictment. Shortly before trial, the government filed an "Information As To Previous Conviction Enhancing Mandatory Minimum," pursuant to D.C.Code § 23–111 (1989),[2] advising Gilmore and the trial court that Gilmore had been convicted of possession of heroin in the Superior Court in 1989.[3] He was found guilty in this case, and at sentencing the trial judge relied on Gilmore's prior drug conviction in imposing a seven-year mandatory minimum sentence, as required by D.C.Code § 33–541(c)(1)(A–1).

Gilmore raised no objection at that time to the use of his prior drug conviction to enhance his sentence. On appeal, however, he argued that because his previous conviction was only for a misdemeanor, this "was his first felony conviction, and he should not have been sentenced as a second offender." *Gilmore I,* 648 A.2d at 945. We held that the plain language of D.C.Code § 33–541(g) refuted Gilmore's challenge to the enhancement of his sentence. In so holding, we relied on the codified version of the statute

as it appeared in the District of Columbia Code.

Gilmore sought rehearing en banc, reiterating the arguments he had made earlier. In its opposition to Gilmore's petition, the government brought to our attention its own recent discovery that there was a discrepancy between the enrolled original and the codified version of D.C.Code § 33–541(g). Specifically, the codified version provides (as we held in *Gilmore I* ) that the definition of "offense" set forth in section 33–541(g) applies to all of section 33–541, whereas the enrolled original—the actual statute as enacted by the legislature—states that the definition applies only to subsection 33–541(g). The Public Defender Service, as *amicus curiae*, suggested that the court grant rehearing to address this discrepancy. We did so, requested the parties to file supplemental briefs, and invited the Public Defender Service to participate in oral argument as *amicus curiae.*

II

The statute prescribing mandatory minimum sentences for drug offenses was first enacted by the Council of the District of Columbia as emergency legislation. Omnibus Narcotic and Abusive Drug Interdiction Amendment Emergency Act of 1989, D.C. Act 8–75, 36 D.C. Register 5769 (1989). The emergency legislation contained a provision, subsection 2(c)(7), defining the term "offense". 36 D.C. Register at 5772. That definition was identical to the one set forth in the codified version of subsection 33–541(g).[4]

---

minimum sentences of four years for the first offense, seven years for the second, and ten years for the third or subsequent offense. Section 33–541(c) was repealed in 1995, but the repeal did not affect sentences imposed for offenses committed before the effective date of the repeal, such as the one in this case. *See Holiday v. United States,* 683 A.2d 61, 74–80 (D.C.1996).

**2.** Section 23–111 provides in pertinent part:

No person who stands convicted of an offense under the laws of the District of Columbia shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to trial or before entry of a plea of guilty, the United States attorney … files an information with the clerk of the court, and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon.

**3.** Possession of heroin is a misdemeanor. D.C.Code § 33–541(d) (1993).

**4.** As codified, D.C.Code § 33–541(g) provided:

For the purposes of *this section,* "offense" means a prior conviction for a violation of this section or a felony that relates to narcotic or abusive drugs, marijuana, or depressant or stimulant drugs, that is rendered by a court of competent jurisdiction in the United States. [Emphasis added.].

We held in *Gilmore I* that the italicized phrase "this section" referred to "section 33–541 in its entirety, which includes the crime of which Gilmore was previously convicted, possession of heroin. *See* D.C.Code § 33–541(d)." Therefore, the fact that his prior conviction was only for a misdemeanor did not matter. Regardless of whether it was a misdemeanor or a felony, it was

Before the emergency act expired, the same mandatory minimum sentence provisions were re-enacted as temporary legislation. Omnibus Narcotic and Abusive Drug Interdiction Amendment Temporary Act of 1989, D.C. Act 8–83, 36 D.C. Register 5792 (1989). The temporary legislation also contained a subsection 2(c)(7) that was identical to the codified version of subsection 33–541(g). 36 D.C. Register at 5795.

The Council then enacted the mandatory minimum sentencing statute in permanent form. Omnibus Narcotic and Abusive Drug Interdiction Amendment Act of 1990, D.C. Act 8–194, 37 D.C. Register 2638, *renumbered as* D.C. Law 8–138, 37 D.C. Register 4154 (1990). While the enrolled originals of the emergency and temporary legislation had provided that the definition of "offense" applied to the entire "section," *i.e.,* section 33–541, the enrolled original of the permanent legislation used the word "subsection," *i.e.,* subsection 33–541(g).[5] When the permanent legislation was codified, however, the word "section" was used by the codifier rather than the word "subsection." Gilmore and *amicus* now rely on this disparity in urging us to set aside Gilmore's mandatory minimum sentence.

Subsection 33–541(g) is purely definitional. Its sole function is to define the term "offense," so that the reader will understand what that word means when it is used elsewhere in the sentencing statute. However, in the enrolled original version of subsection 33–541(g), *supra* note 5, the definition of "offense" applies only to itself; that is, "offense" is defined only for purposes of the definitional subsection.

The government argues, and we agree, that no rational legislature would intentionally enact such a pointlessly circular provision. Basic principles of statutory construction require that the actual language of a statute be ignored or revised to avoid the absurdity that would result if it were read literally. *See, e.g., United States v. Brown,* 333 U.S. 18, 27, 68 S.Ct. 376, 381, 92 L.Ed. 442 (1948) ("No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences"); *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 754 (D.C.1983) (en banc) ("a court may refuse to adhere strictly to the plain wording of a statute in order 'to effectuate the legislative purpose' " (citation omitted)).

The only reasonable conclusion to be drawn from the use of the word "subsection" (rather than "section") in the enrolled original, given the legislative history and the purely definitional function of subsection (g), is that "subsection" was the result of a clerical error. Under well-established case law, this court has the power to correct that error and give effect to the legislature's obvious intent that the word "section" be used. *See, e.g., United States Nat'l Bank of Oregon v. Independent Insurance Agents of America, Inc.,* 508 U.S. 439, 462, 113 S.Ct. 2173, 2186, 124 L.Ed.2d 402 (1993) (where punctuation in statute was clearly "a simple scrivener's error, a mistake made by someone unfamiliar with the law's object and design," Court unanimously disregarded punctuation and interpreted statute in conformity with its "true meaning"); *In re Bicksler,* 501 A.2d 1, 7 (D.C.1985) (relying on legislative history to read five words out of a definitional statute because their inclusion was "an oversight by the Council"); *Mulky v. United States,* 451 A.2d 855, 857 (D.C.1982) (reading "and" as "or" to avoid absurd result); *United States v. Babcock,* 174 U.S.App. D.C. 199, 201, 530 F.2d 1051, 1053 (1976) ("a provision which is the result of obvious mistake should not be given effect, particularly when it 'overrides common sense and evident statutory purpose' " (citation omitted)). Although we recognized in *Peoples Drug Stores, supra,* that

---

"a violation of this section," which made his conviction in the instant case "a second offense, subject to a seven-year mandatory minimum sentence under subsection (c)(1)(A–1)." 648 A.2d at 945 (footnote omitted).

**5.** Section 2(c)(7) of the enrolled original provided:

For the purposes of *this subsection,* "offense" means a prior conviction for a violation of this section or a felony that relates to narcotic or abusive drugs, marijuana, or depressant or stimulant drugs, that is rendered by a court of competent jurisdiction in the United States.

37 D.C. Register at 2641 (emphasis added). This was different from both the emergency and the temporary acts, each of which contained the words "this section" rather than "this subsection".

we should exercise our power to revise the language of a statute "only where there are 'persuasive reasons' for doing so," 470 A.2d at 755 (citation omitted), we are satisfied that such "persuasive reasons" exist in this case. We hold that the use of the word "subsection" in the enrolled original of what later became D.C.Code § 33–541(g) could only have been a clerical error and that "subsection" must therefore be read as "section".

Once the clerical error in the enrolled version of section 33–541(g) has been corrected, the statute as properly construed provides that a prior misdemeanor drug conviction under section 33–541(d) may be used to enhance a mandatory minimum sentence, as we held in *Gilmore I*.[6] The judgment of conviction in this case must therefore stand

*Affirmed.*

---

6. While this case was pending, the Council amended the statute at issue here, D.C.Code § 33–541(g), by changing "subsection" to "section". Technical Amendments Act of 1996, D.C. Act 11–199, § 34(b), 43 D.C. Register 530, 538, *renumbered as* D.C. Law 11–110, 43 D.C. Register 2288 (1996). Although this action by the Council has no effect on Gilmore's sentence, it reinforces our conclusion that the original use of the word "subsection" was simply a clerical error and that *Gilmore I* was correctly decided.